Richard A. **YAHR** et al., Appellants,

v.

Stanley R. **RESOR**, Secretary of the
Army, et al., Appellees.

No. 14423.

United States Court of Appeals,
Fourth Circuit.

Argued June 2, 1970.

Decided Aug. 27, 1970.

Leonard B. Boudin, David Rosenberg
and Dorian Bowman, New York City
(Rabinowitz, Boudin & Standard, Laughlin McDonald, Chapel Hill, N. C., Howard L. Moore, Jr., Atlanta, Ga., and Samuel S. Mitchell, Raleigh, N. C., on the
brief), for appellants.

J. C. Proctor, Asst. U. S. Atty. (Warren H. Coolidge, U. S. Atty. for the
Eastern District of North Carolina, on
the brief), for appellees.

Before BOREMAN and BUTZNER,
Circuit Judges, and WIDENER, District
Judge.

PER CURIAM:

Appellants are servicemen stationed
at Fort Bragg, North Carolina. During
their off duty hours they publish a newspaper, "Bragg Briefs," which has been
distributed to servicemen off the base.
Pursuant to Army and Fort Bragg regulations, they submitted timely applications for permission to distribute "Bragg
Briefs" at various public areas on the
military reservation. The Commanding
General denied each application on the
grounds that the publications constituted a clear danger to the loyalty, discipline and morale of the military personnel under his command.* They now
appeal from the refusal to grant a pre-

---

* Standards for controlling the distribution
of publications are set forth in Army
Regulation AR 210–10, ¶ 5–5, which provides in part:

"[I]nstallation commanders will not,
except as provided in this paragraph,
take action to control or restrict the
dissemination of publications, even if
such publications are believed to be in
poor taste or unfairly critical of Government policies or officials. The installation commander will be guided by
the principle that, except in cases in
which a publication constitutes a clear
danger to military loyalty, discipline, or
morale, military personnel are entitled
to the same free access to publications
as are other citizens."

A Guidance on Dissent, issued by the
Office of the Adjutant General, Department of the Army, May 28, 1969, emphasizes that "a commander must have
cogent reasons, with supporting evidence,
for any denial of distribution privileges."

liminary injunction against interfering with the distribution of the newspaper on the base.

The district court found that the evidence failed to show either a probability of plaintiffs' ultimate success on the merits or a clear denial of plaintiffs' constitutional rights. In the present posture of the case, we need only consider whether the action of the district court was a clear abuse of discretion. Meiselman v. Paramount Film Distributing Corp., 180 F.2d 94 (4th Cir. 1950).

■■ As a basic proposition, servicemen are entitled to the protections of the Bill of Rights, except where military exigencies, such as security and discipline, by necessary implication restrict their applicability. United States v. Jacoby, 11 USCMA 428 (1960). Within the military establishment, and under the regulations in question, the commanding officer has primary responsibility for determining the impact of the newspaper on the men in his command. Clearly the district judge did not abuse his discretion in refusing to grant the preliminary injunction. In so holding, of course, we express no opinion on the merits of the case.

■ Constitutional questions should be decided only when unavoidable, and this is particularly true when the issue is raised on appeal from an interlocutory order. When the case is heard on the merits, the parties should brief, and the district judge should decide, the appropriate standard of review of the Commanding General's decision. The district court should also find which articles, specifically, constituted a basis for the decision to exclude and why the Commanding General deemed them "a clear danger to the loyalty, discipline and morale" of the military personnel at Fort Bragg. Only upon a complete record supplying these facts can it be determined whether the Commanding General had a proper basis for denying the applications, whether he acted consistently with Army directives, and, ultimately, whether his actions deprived appellants of their First Amendment rights.

The order denying the application for a preliminary injunction is affirmed and the case remanded for further proceedings.