440 F.2d 683
 Don AGRATI, aka Don Grady, Plaintiff-Appellant,
v.
Honorable Melvin LAIRD, Secretary of Defense, Honorable Stanley Resor, Secretary of the Army, General W. J. Sutton, Chief of Army Reserves, General Louis B. Kaufman, Commander of 63rd Arcom, Colonel Joseph G. Rebman, Commander 311th Support Brigade, Defendants-Appellees.
 No. 26291.
 United States Court of Appeals, Ninth Circuit.
 March 24, 1971.
 
 Richard E. Posell (argued), Hollywood, Cal., for plaintiff-appellant.
 L. Douglas Brown, Asst. U. S. Atty., (argued), Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief of Civ. Div., Gary H. Giesler, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.
 Before CARTER, KILKENNY and TRASK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, a member of the United States Army Reserve, seeks a declaratory judgment, a writ of mandamus and injunctive relief to prevent the respondents from enforcing, as to him, Army Regulation 600-20 relating to permissible length of hair. The district court denied the petition and dismissed the action. We affirm.
 
 
 2
 The United States Supreme Court declared in Orloff v. Willoughby, 345 U.S. 83, 93, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953):
 
 
 3
 "We know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters."
 
 
 4
 Petitioner asserts that because he is an actor the regulation severely interferes with his professional career. He does not contend that the regulation is invalid or that he is treated differently than others. He desires an exception made as to him. This problem is for the Army not the courts.
 
 
 5
 The point is urged that there is a denial of due process because the regulation is a restraint upon his right to hold private employment and therefore he must have notice and an opportunity to be heard before it may be promulgated. Such a doctrine would create chaos. The cases upon which petitioner relies are not supportive of his position.
 
 
 6
 Petitioner's other contention is that his right to relief is one of those constitutional rights which may be claimed under a penumbra theory. We do not find him within any existing penumbra. Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969).
 
 
 7
 Judgment affirmed.