**Frank W. COSSEY, Jr., Plaintiff,**

v.

**Robert C. SEAMANS, Jr., Secretary of the Air Force of the United States of America, et al., Defendants.**

**Civ. No. 72–14.**

United States District Court,
W. D. Oklahoma,
Civil Division.

April 5, 1972.

Stephen Jones, Enid, Okl., for plaintiff.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for defendants.

### ORDER

DAUGHERTY, District Judge.

Plaintiff is an Air Force reservist. He has been marked absent at Reserve training meetings because his hair is longer than that permitted by Air Force Regulation AFM 35–10. As a result, he faces induction to active duty or demotion in rank or both. 10 U.S.C.A. § 673a(a) (1). He brings this action to vindicate his claimed right to wear his hair longer than that permitted by the

Air Force Regulation under a short hair wig at Reserve training meetings and to prevent his induction or demotion. Plaintiff's Motions for a restraining order against Defendant and for summary judgment pend; likewise Defendants' Motion to Dismiss, or, Alternatively for Summary Judgment pends.

At the outset, the Court is unable to find where it has jurisdiction of Plaintiff's action. Plaintiff's Complaint invokes jurisdiction under 28 U.S.C.A. §§ 1339, 2201, 2202, 2282, 2284 and the First, Fifth and Ninth Amendments of the Constitution. Only 28 U.S.C.A. § 1339 confers jurisdiction in the cases with which it deals; the other provisions do not. 28 U.S.C.A. § 1339 confers jurisdiction in postal matters and this is not a postal matter.

The issue of jurisdiction has not been framed by the pleadings, as required by the Federal Rules, but by briefs of the parties. Nevertheless, inasmuch as the Court is under a continuing duty to look to its own jurisdiction, it will fully examine the matter.

Plaintiff's brief states that jurisdiction exists under 28 U.S.C.A. §§ 1331, 1361 and 5 U.S.C.A. §§ 701–704. Plaintiff's statement is wholly incorrect.

Under 28 U.S.C.A. § 1331, Plaintiff is required to show an amount in controversy in excess of $10,000 and the existence of a Federal question. The pleadings fail to show that such amount is in controversy and the only other indication in the entire record is the opinion of Plaintiff's counsel that the right asserted "should be" worth more than $10,000. This is not enough. C.O.R.E. v. Clemmons, 323 F.2d 54 (Fifth Cir. 1963), cert. den. 375 U.S. 992, 84 S.Ct. 632, 11 L.Ed.2d 478. Further, as discussed infra, it is doubtful to an extreme degree that any federal right is here involved.

28 U.S.C.A. § 1361 gives the Court mandamus jurisdiction and Plaintiff argues that Defendants' actions or threatened actions are in excess of their statutory authority and as such are subject to the mandamus powers of the Court. This Statute, new in 1962, did not create jurisdiction where none existed before but only broadened the venue provisions of 28 U.S.C.A. § 1391. Udall v. Oil Shale Corp., 406 F.2d 759 (Tenth Cir. 1969), rev. other grounds 400 U.S. 48, 91 S.Ct. 196, 27 L.Ed.2d 193. Should there remain any doubt in the matter, following are excerpts from Senate Report No. 1992 as set out in 2 U.S.Code, Congressional and Administrative News, pp. 2784–2787:

"The purpose of this bill, as amended, is to make it possible to bring actions against Government officials and agencies in U. S. district courts outside the District of Columbia . . .

This legislation does not create new liabilities or new causes of action against the U. S. Government.

\* \* \* \* \* \*

The words 'original jurisdiction' as used in . . . the bill are not intended to limit the existing powers of district courts to issue mandatory injunctions in aid of jurisdiction otherwise acquired. Likewise, there is no intent that the bill affect the doctrine of exhaustion of administrative remedies."

As to mandamus itself, Plaintiff has utterly failed to satisfy its requirements.

"It is hornbook law that mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases. Though it is a legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion. Generally speaking, before the writ of mandamus may properly issue three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. In connection with the last requirement, it is important to bear in mind that mandamus does not supersede other remedies, but rather comes into play

where there is a want of such remedies." Carter v. Seamans, 411 F.2d 767 (Fifth Cir. 1969), at p. 773, cert. den. 397 U.S. 941, 90 S.Ct. 953, 25 L. Ed.2d 121.

The cases which have dealt with Plaintiff's problem fail to demonstrate the existence of a clear right to the relief Plaintiff seeks. Anderson v. Laird, 437 F.2d 912 (Seventh Cir. 1971); Agrati v. Laird, 440 F.2d 683 (Ninth Cir. 1971); Gianatasio v. Whyte, 426 F.2d 908 (Second Cir. 1970). Anderson v. Laird, *supra*, affirmed the District Court's denial of a preliminary injunction on the basis that there was no reasonable probability of ultimate success. The cases likewise fail to demonstrate the existence of a clear duty on the part of the Defendants to allow Plaintiff to do as he wishes. Raderman v. Kaine, 411 F.2d 1102 (Second Cir. 1969), cert. den. 396 U.S. 976, 90 S.Ct. 467, 24 L. Ed.2d 447. It does not clearly appear from pertinent Air Force regulations that Plaintiff has an administrative remedy for his complaint, but as the three elements of mandamus must coexist, this lack does not aid Plaintiff.

Plaintiff's final claim of jurisdiction is based on 5 U.S.C.A. §§ 701–704, and he relies on United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371 (Second Cir. 1968) for the proposition that such statutes provide a jurisdictional basis for judicial review of military actions. The statement of the Court in that case on which Plaintiff relies was dictum for the Court held that the discretionary decisions of military authorities are not judicially reviewable.

As to the claimed right to wear long hair itself, our Circuit has held that school regulations of hair length do not involve Constitutional values and are not cognizable in Federal Court. Freeman v. Flake, 448 F.2d 258 (Tenth Cir. 1971). A fortiori, military regulations concerning hair length likewise raise no Constitutional implications.

 Thus it cannot be said that the Defendants' regulations have deprived Plaintiff of a well-recognized Constitutional right or that they represent an arbitrary or capricious exercise of authority beyond their statutory powers. Freeman v. Flake, *supra*. In short, matters of dress and appearance, being matters committed to the discretion of the military authorities, are not judicially reviewable under the Administrative Procedure Act, 5 U.S.C.A. § 701 et seq. United States ex rel. Schonbrun v. Commanding Officer, *supra*.

The Court finds and concludes that it is without jurisdiction of Plaintiff's action.

Plaintiff's Motion for Summary Judgment and Plaintiff's Motion for Defendants to be Restrained from Calling Plaintiff to Active Duty or Otherwise Transferring Him from this Judicial District Pending this Action are denied. Defendants' Motion to Dismiss or, Alternatively, Motion for Summary Judgment is granted with respect to dismissal and denied with respect to summary judgment.