Harrie P. McWHIRTER et al., Plaintiffs,

v.

Robert F. FROEHLKE et al., Defendants.

Civ. A. No. 72–1471.

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 7, 1972.

Thomas D. Broadwater, H. Christopher Coates, Columbia, S. C., for plaintiffs.

Wistar D. Stuckey, Asst. Dist. Atty., Ellison D. Smith IV, Bruce Davis, Asst. Attys. Gen., Columbia, S. C., for defendants.

## ORDER

CHAPMAN, District Judge.

This matter is before the Court upon motion of the plaintiffs for a temporary restraining order to prevent the defendants from enforcing Army Regulation 600–20(31(a)(6)), which forbids the wearing of wigs by Army personnel except for cosmetic reasons in covering natural baldness or when appropriate to cover physical disfigurement caused by accident or medical procedure.

The plaintiffs are five enlisted members of the 742nd Maintenance Company of the 751st Maintenance Battalion of the South Carolina National Guard. This unit is headquartered in Columbia, South Carolina, and the defendants are members of the chain of command being: the Secretary of the Army, the Governor of the State of South Carolina, the Adjutant General of the State of South Carolina, the Commanding Officer of the 251st Support Center, the Commanding Officer of the 751st Maintenance Battalion and the Commanding Officer of the 742nd Maintenance Company.

This action was filed on November 27 and the plaintiffs requested an immediate hearing due to the fact that they were to·attend a weekend drill on De-

cember 2 and 3. The Court heard the matter on December 1 and verbally denied the relief sought by the plaintiffs at that time.

The plaintiffs wear their hair in a medium long fashion as a matter of personal choice. During the past few months they have been wearing "short-hair wigs" at their monthly training assemblies in order to circumvent the Army haircut regulations, which require that hair of all Army personnel be trimmed to a prescribed length. One of the plaintiffs testified that he had also worn such a wig during the two week summer encampment this year. He stated that he was a cook and spent most of his time in the kitchen and apparently was not under close observation by his superior officers or subjected to close inspection as to his personal appearance.

At the November training assembly the plaintiffs were instructed by an officer of their company that commencing with the December drill the short-hair wigs would no longer be worn, and if the plaintiffs attended the drill they would be required to have their hair trimmed to the prescribed length. The plaintiffs were confronted with the choice of either trimming their hair and giving up the wearing of short-hair wigs or being in violation of Army Regulation 135–91 which prescribes the policies, procedures and responsibilities pertaining to satisfactory completion of the Ready Reserve service obligation and enforcement procedures pertaining thereto. Personnel who are in violation of these regulations are deemed to be "not satisfactorily participating" in the drill, and are charged with an unexcused absence. Five unexcused absences would subject the plaintiff to being ordered to active duty with the United States Army for a period of 18 months.

The plaintiffs contend that they spend a very small percentage of their time participating in National Guard activities and that the action of the defendants in refusing to allow them to wear their short-hair wigs is violative of the First, Ninth and Fourteenth Amendments to the Constitution of the United States in that they represent an attempt to regulate civilian life without furthering a legitimate interest of the defendants; do not accomplish by the narrowest possible means such interference with the plaintiffs' civilian life as may be permitted; are beyond the scope of authority conferred on the defendants by law and particularly 10 U.S.C. § 673a; and invidiously discriminate between the defendants and members of the Guard who are naturally bald or who have physical disfigurement caused by accident or medical procedure.

Defendants assert that this is a mere attack upon a military regulation and that the subject matter of this litigation is one rightfully vested in military authority and that the courts should leave the administration and control of such policies exclusively to the military and its governing bodies. This Court thoroughly agrees with the position taken by the defendants.

At this point it should be emphasized that the regulations regarding hair length and styles in the National Guard do not require the old "G. I." haircut or a "crew" haircut normally given at Army Induction Centers or Navy and Marine Boot Camps, but such regulations do prevent the hairstyles presented by plaintiffs, which cover their ears and which the complaint describes as ". . . within the spirit of the times, in modishly medium long fashion."

The Supreme Court of the United States has not yet considered the question of the military's right to govern the length of hair worn by reservists when not on active duty. The question of hair length, but not of "short-hair wigs" has been before the Seventh Circuit in the case of Anderson v. Laird, 437 F.2d 912 (7th Cir. 1971), where the Court was considering a denial of the plaintiff's motion for a preliminary injunction. Anderson was an Illinois National Guardsman who wore his hair "in a style currently fashionable" which rendered him in violation of Army Regulations, and thus not satisfactorily partici-

pating in National Guard drills so that he was called to active duty. Anderson's attack upon the haircut regulations was under the First and Ninth Amendments. The Court pointed out that his claim would have distinct merit if Anderson was completely in a civilian status, but in denying his motion the Court stated at page 914:

"However, 'the rights of men in the Armed Forces must perforce be conditioned to meet certain overriding demands of discipline and duty.' Burns v. Wilson, 346 U.S. 137, 140, 73 S.Ct. 1045, 1048, 97 L.Ed. 1508 (1953). It cannot be seriously disputed that certain constitutional rights are and must be suspended or curtailed in the name of military discipline. Raderman v. Kaine, 411 F.2d 1102, 1104 (2nd Cir. 1969) certiorari denied 396 U.S. 976, 90 S.Ct. 467, 24 L.Ed.2d 447. And, in matters properly within the area of military discretion, it is not for civil[ian] courts to judge whether the military has properly determined the balance between military needs and personal rights."

In *Anderson* the Court also considered the problems of the part-time or reserve soldier in additional language found on page 915 of the opinion:

". . . While we perhaps therefore are not compelled to consider this matter, it is our opinion that no different treatment should be accorded the part-time soldier. He has undertaken a type of military duty on a voluntary basis and cannot be heard to complain if the legitimate requirements of necessity do curtail to some extent the manner of his appearance in civilian life . . ."

■ In Cossey v. Seamans, 344 F. Supp. 1368 (W.D.Okl.1972) the Court considered the "short-hair wig" as it applied to an Air Force Reservist. Cossey contended that the hair regulation used by the Air Force was in violation of his First, Fifth and Ninth Amendment rights, but the Court held it was without jurisdiction over the matter. The Judge

in a very forthright opinion held that military regulations concerning hair length raise no constitutional implications, and this Court certainly agrees.

In Raderman v. Kaine, 411 F.2d 1102 (2nd Cir. 1969), an Army Reservist sought to enjoin his imminent call up for active duty for unsatisfactory participation in drill sessions. The Circuit Court affirmed the District Court's dismissal of the suit and held that the matter of what constitutes neat and soldierly appearance for a reservist within the meaning of the Army regulations is for the discretion of the military and that the refusal to grant an exception thereto for the plaintiff was not an abuse of discretion or a denial of property or alleged liberty to practice his chosen profession without due process of law. Raderman in civilian life was an agent for a rock and roll band and he contended that this required him to wear his hair longer than that permitted by Army regulations. His refusal to comply with the regulation resulted in his induction to active duty. In discussing the problems of the part-time soldier the *Raderman* court stated at page 1106:

"The problem with the reservist, such as Raderman, is that he is neither a civilian nor a full-time soldier. In effect he must live in two worlds, one military and one civilian and attempt to satisfy the requirements of both. As in this case, the demands of each may conflict and, while the result may appear harsh, he made the choice sometime ago to join a reserve unit. Concomitant with that decision was the knowledge that he would be subject to Army rules and regulations concerning his appearance for six years. Certainly what constitutes a neat and soldierly appearance for a reservist within such regulations is within the discretion of the military. There is no claim here that plaintiff was treated any differently than any other reservist; in fact, he was advised by a Major General of the Army that 'exceptions will not be made to this policy'. Throughout the ages the

appearance of the military has changed radically. Pictures of Visigoths and our own Civil War soldiers illustrate these changes. But past practices afford no criteria for the present. At any rate, a court is in no position to make that kind of judgment. In the present case there is clearly no action by the military which goes far beyond any rational exercise of discretion. Relief must therefore be denied."

The present plaintiffs urge that the Fourth Circuit Court of Appeals in Massie v. Henry, 455 F.2d 779 (4th Cir. 1972) settled the matter of haircut law. *Massie* involved regulations created by a public high school which have no application to the present facts. State law requires compulsory school attendance up to a certain age. The present plaintiffs voluntarily joined the National Guard to prevent being drafted. Each sought the safety and security of part-time military service near home rather than run the risk of combat in Viet Nam. The rules regarding personal appearance and hair length have not changed since the plaintiffs entered and this Court will not be persuaded that these regulations, which the plaintiffs knew of when they joined, should be changed to satisfy the vanity of these men.

 These plaintiffs assert that *Massie* shifts the burden to the government to show a substantial justification for the Army wig regulation. To this Court, the enhancement of discipline furnishes such justification. An Army without discipline is a mob. Certain regulations of the military, although they may appear petty and unreasonable to the civilian, have been used over the years to promote discipline, morale and esprit de corps that are necessary to transform a group of young men into an effective military unit.

Biblical and historical precedents have been cited but they are not controlling. The military hairstyles change with time and these changes should be made by the military and not by the courts. At present it might be said that we are in an Absalom[1] era, when long hair is considered inappropriate or even dangerous, rather than a Samson[2] era, when long hair is a symbol of physical strength. Regardless of the era this is a military question.

The plaintiffs' assertion of invidious discrimination between them and bald or disfigured members of the National Guard is without merit or support. The military must decide which of its personnel are sufficiently disfigured or sufficiently bald to be allowed to wear wigs or hair pieces. For the Court to decide otherwise would require a Judge to attend each drill and assist in the inspection of the men.

For the foregoing reasons, and upon the authority herein cited, this Court finds that the military has not exceeded its lawful authority in connection with its haircut and wig regulations and this action must therefore be dismissed.

And it is so ordered.

---

1. II Samuel 18:9–15.

2. Judges 16:17–19.