**David W. GOOD, Plaintiff,**

v.

**Col. Salvatore MAURIELLO, USAF and Gen. John D. Ryan, USAF, Secretary, Chief of Staff, Defendants.**

Civ. No. 1973–112.

United States District Court, W. D. New York.

May 10, 1973.

New York Civil Liberties Union (Richard J. Rosche, Bruce R. Fenwick, James W. Smyton and Leonard J. Klaif, Buffalo, N. Y., of counsel), for plaintiff.

John T. Elfvin, U. S. Atty. (C. Donald O'Connor, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for defendants.

CURTIN, District Judge.

David W. Good, the plaintiff in this action, is a member of the United States Air Force Reserve, 914th Tactical Airlift Group, based at Niagara Falls, New York. Defendants are officials of the United States Air Force in their official capacity.

For the past fourteen months, plaintiff has been wearing a short-hair wig to his scheduled Reserve meetings without incident. However, when he appeared for the scheduled drill of March 10, 1973, he was marked absent for the four separate meetings comprising the drill for that weekend because Air Force officials determined that plaintiff's wearing the wig was in violation of AFR 30–1 [1] dated August 1, 1971, and AFM 35–10 [2] dated December 1, 1972. The regulations prohibit a reservist from wearing a wig at drills except "for cosmetic reasons to cover natural baldness or physical disfiguration." He was advised that he would be marked absent for any drill where he appeared wearing a wig. Because he is a member of the Air Force Reserve, he must attend one weekend drill per month and two weeks of summer camp per year. Each weekend drill is made up of four separate meetings. If plaintiff did not wear the wig, his hair, although neat and clean, would fall over his ears and collar in the back and therefore be in violation of the hair-length regulations. If plaintiff misses more than five meetings, he is subject to a call to active duty.

In order to forestall this action by the Army, the plaintiff seeks a preliminary

1. Regulation AFR 30–1, dated August 1, 1971, reads in pertinent part:

 SECTION F—MILITARY DRESS AND APPEARANCE

 17. * * *

 a. MALE:

 (1) Hair. Hair will be neat, clean, trimmed and present a groomed and tapered appearance. In no case will the bulk or length of the hair interfere with the proper wear of any Air Force headgear. Accordingly, excessively long, extreme, ragged or unkempt hair which precludes the proper wear of any such headgear is prohibited. Hair will not touch the ears or the collar except the closely cut hair on the back of the neck. Hair will be groomed so that it does not fall below the eyebrows and will not protrude below the front band of any Air Force headgear. The acceptability of a member's hairstyle will be based upon the criteria in this paragraph and not upon the style in which he chooses to wear his hair.

 * * * * *

 (4) Wigs and Hairpieces. Wigs and hairpieces will not be worn by male personnel while in uniform or on duty except for cosmetic reasons to cover natural baldness or physical disfigura-
 tion. When worn they will conform to Air Force haircut standards.

2. Regulation AFM 35–10, dated December 1, 1972, reads in pertinent part:

 1–12. Dress and Appearance—Men:

 * * * * *

 (2) Hair. Hair will be neat, clean, trimmed, and present a groomed appearance. Hair will not touch the ears or the collar except the closely cut hair on the back of the neck. It will present a tapered appearance. Hair in front will be groomed so that it does not fall below the eyebrows and will not protrude below the band of properly worn headgear. In no case will the bulk or length of the hair interfere with the proper wear of any Air Force headgear. The acceptability of a member's hair style will be based upon the criteria in this paragraph and not upon the style in which he chooses to wear his hair.

 * * * * *

 (6) Wigs. Wigs or hair pieces will not be worn while on duty or in uniform except for cosmetic reasons to cover natural baldness or physical disfiguration. If under these conditions a wig or hair piece is worn, it will conform to Air Force standards.

and a permanent injunction alleging that the United States Air Force and Air Force Reserve regulations (AFR 30–1 and AFM 35–10) are invalid and unenforceable by defendants because the regulation is in excess of defendants' statutory authority, and is violative of plaintiff's rights of equal protection, privacy and freedom of expression. Jurisdiction is based on Title 28, United States Code, Sections 1331 and 1361.

Before the court is defendants' motion to dismiss the complaint on the ground that there is no jurisdiction because the subject matter is within the internal activities of the United States Air Force and not subject to judicial review, and also plaintiff's motion for a preliminary injunction.

On the day set for the hearing on the preliminary injunction, neither side offered any testimony. During oral discussion, however, it became apparent that there is no claim that the wig in any way interferes with the performance of plaintiff's duties, or that plaintiff has failed to perform his duties in a satisfactory manner, or that the wig is otherwise in violation of the regulations Furthermore, the attorney for the government was unable to offer any explanation of the purpose or need for the regulation. He could not explain why wigs could be worn to cover natural baldness or physical disfiguration, but not worn by the ordinary individual. At the time of the argument, the court suggested that perhaps this case might be an appropriate one for consolidation pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. However, because the United States Attorney requested that the court consider only the preliminary injunction application, consolidation was not ordered.

 In general, what constitutes a neat and soldierly appearance is a matter within the discretion of the military and, absent extraordinary circumstances, discretionary acts of the military are not reviewable by the courts. Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969), Smith v. Resor, 406 F.2d 141 (2d Cir. 1969), and see Harris v. Kaine, 352 F. Supp. 769 (S.D.N.Y.1972), and especially cases cited at pages 771 and 772. The court has carefully considered the cases submitted by the United States Attorney in support of its motion to dismiss. See Cossey v. Seamans, 344 F. Supp. 1368 (W.D.Okla.1972); Baugh v. Bennet, 350 F.Supp. 1248 (D.C.Idaho 1972), and Comunale v. Mier, 355 F. Supp. 429 (W.D.Pa., decided March 12, 1973). Nevertheless, it appears to the court that the more persuasive arguments which support plaintiff's cause are set forth at length in Harris v. Kaine, supra, and Friedman v. Froehlke, 470 F.2d 1351 (1st Cir. 1972). These decisions are not in conflict with Raderman v. Kaine, supra, or Smith v. Resor, supra, where the courts upheld hairlength regulations and generally decided that what constituted a neat or soldierly appearance was a military decision. It is unnecessary for this court to repeat again the discussion set forth in Harris v. Kaine, supra, and Friedman v. Froehlke, supra. It appears sufficient to say that the wig regulation is not concerned with a neat and soldierly appearance, but is one which forbids a method of achieving the required appearance. Under the haircut regulations, all reservists must comply but, under the wig regulation, some must comply while others need not. The government has has failed to explain why the regulation must apply to some, but not to others. The regulations are in violation of the statutory authority given to the defendants.

 The court is satisfied that irreparable injury will come to plaintiff if the injunction does not issue, and that he has shown a substantial probability of success on the merits. The plaintiff's motion for preliminary injunction is granted. If the wig otherwise complies with the regulations, the plaintiff may wear it to the scheduled drills and no disciplinary action shall be taken against him for wearing the wig. The defendants' motion to dismiss plaintiff's complaint is denied.

So ordered.