Clayton MILLER and Dennis Shea et al., Appellees,

v.

Captain Carl ACKERMAN et al., Appellants.

George KLINKHAMMER et al., Appellees,

v.

James R. SCHLESINGER, Secretary of Defense, et al., Appellants.

Nos. 73–1426, 73–1484.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1973.

Decided Dec. 19, 1973.

---

Captain Allan A. Ryan, Jr., U. S. Marine Corps, for appellants.

Donald J. Heffernan, St. Paul, Minn., for Klinkhammer and others.

Richard H. Osborne, Lincoln, Neb., for Miller and others.

Before GIBSON, LAY and HEANEY, Circuit Judges.

PER CURIAM.

The issue presented in these consolidated appeals is whether a local commander of a Marine Corps Reserve Unit may prohibit the wearing of short-hair wigs as a means of achieving compliance with Marine Corps grooming standards. The plaintiffs attend drills one weekend per month and spend two weeks annually at summer camp with the Marine Corps Reserve. Their commanding officers proscribed the use of short-hair wigs to cover the reservists' natural hair, which is longer than that allowed by the Marine Corps grooming code. The plaintiffs were ordered to discontinue use of the wigs, on penalty of forfeiture of credit for satisfactory attendance at drills. Failure to obtain credit for satisfactory attendance at drills will result in an order to active duty, pursuant to 10 U.S.C. § 673(a).

The United States District Courts for the District of Nebraska, Honorable Robert Van Pelt, and the District of Minnesota, Honorable Phillip Neville, 359 F.Supp. 67, independently passed on the claims and held generally in favor of the plaintiffs, enjoining the defendants from enforcing the ban against properly trimmed short-hair wigs.

Judge Van Pelt adhered to the reasoning of the First Circuit in Friedman v. Froehlke, 470 F.2d 1351 (1st Cir. 1972), which concluded that "insofar as members of the reserve are concerned, who, under their contracts, are allowed to work and live in civilian society for most of the time, the right to wear their hair as they please is not so trivial as to be denied without any service-connected reason." Id. at 1353.

Judge Van Pelt found jurisdiction to entertain the suit under 28 U.S.C. § 1361, as an action in the nature of mandamus. Judge Neville found the jurisdictional requirements under 28 U.S.C. § 1331 satisfied and alternatively relied on mandamus jurisdiction. We find jurisdiction under 28 U.S.C. § 1361. We need not decide whether jurisdiction lies under § 1331, as found by the First Circuit in Friedman v. Froehlke, supra. It has long been recognized that mandamus is the appropriate remedy where federal officials are acting outside the zone of their permissible discretion and contrary to law. State Highway Com-

mission v. Volpe, 479 F.2d 1099, 1104–1105 n. 6 (8th Cir. 1973); McGaw v. Farrow, 472 F.2d 952, 957 (4th Cir. 1973); Nixon v. Secretary, 422 F.2d 934, 939 (2d Cir. 1970); Harris v. Kaine, 352 F.Supp. 769, 772 (S.D.N.Y. 1972); Cortright v. Resor, 325 F.Supp. 797, 812 (E.D.N.Y.), rev'd on other grounds, 447 F.2d 245 (2d Cir. 1971), cert. denied, 405 U.S. 965, 92 S.Ct. 1172, 31 L.Ed.2d 240 (1972). As the Second Circuit has observed: "[O]fficial conduct may have gone so far beyond any rational exercise of discretion as to call for mandamus even when the action is within the letter of the authority granted." United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371, 374 (2d Cir. 1968), cert. denied, 394 U.S. 929, 89 S.Ct. 1195, 22 L.Ed.2d 460 (1969). This is what is alleged here.

■ We move then to the merits. This circuit in Bishop v. Colaw, 450 F.2d 1069 (8th Cir. 1971), has recognized the constitutional right of an individual to style his own appearance without arbitrary interference by the government. In doing so, we have joined the First, Second, Third, Fourth and Seventh Circuits[1] in recognizing "that choice of personal appearance is an ingredient of an individual's personal liberty, and that any restriction on that right must be justified by a legitimate state interest reasonably related to the regulation." Dwen v. Barry, 483 F.2d 1126, 1130 (2d Cir. 1973).

Here we think that it is important to note that the grooming standards of the Marine Corps are not being challenged by the reservists. Cf. Stradley v. Andersen, 478 F.2d 188 (8th Cir. 1973). The protest is directed to the ban on short-hair wigs which otherwise conform to the grooming code. In other words, the reservists challenge the right of the Marine Corps to regulate the manner in which they achieve compliance with the appearance standards. The no-wig rule encroaches substantially on plaintiffs' right to govern their personal appearance outside their limited duty in the Marine Corps Reserves. We find such interference with plaintiffs' personal liberties can only be justified on the basis of legitimate competing interests. The record is void in demonstrating such interests. In essence, the only reason extended for the proscription is that the Marine Corps thinks it is good for the spirit of the Corps. However, the record shows that the wigs worn are neat and presentable. Moreover, there is no demonstration that the wigs in any way inhibit the reservists' performance or that they affect discipline or training. In fact, in the Nebraska case the Marine Corps stipulated:

That the short hair wigs worn by the plaintiffs to reserve unit meetings are safe and present no health hazard, and do not interfere with the tasks required to be performed by the plaintiffs while on duty.

Under the circumstances we find no rational basis for the proscription of short-hair wigs and sustain the orders of the district courts enjoining any proscription of the use of short-hair wigs in the reservists' weekend training program. In the Nebraska case, Judge Van Pelt extended his proscription to the wearing of wigs at summer camp. We find this issue was not fully developed and not properly before the district court. We therefore limit our order, at this time, to the regulation only as it affects weekend training programs.

The judgment in No. 73–1426 is affirmed as modified; the judgment in No. 73–1484 is affirmed.

1. See, e. g., Dwen v. Barry, 483 F.2d 1126 (2d Cir. 1973); Arnold v. Carpenter, 459 F.2d 939 (7th Cir. 1972); Stull v. School Board, 459 F.2d 339 (3d Cir. 1972); Massie v. Henry, 455 F.2d 779 (4th Cir. 1972); Richards v. Thurston, 424 F.2d 1281 (1st Cir. 1970).