**William Allen HOUGH et al.,**
**Appellees,**

v.

**Dr. Robert SEAMAN et al., Appellants.**

**Nos. 73–1996, 73–1997.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1974.

Decided March 19, 1974.

Edwin M. Speas, Jr., Asst. Atty. Gen., of N. C. (Robert Morgan, Atty. Gen., of N. C., and Andrew A. Vanore, Jr., Deputy Atty. Gen., on brief), for appellants in No. 73–1996.

David B. Sentelle, Asst. U. S. Atty. (Keith S. Snyder, U. S. Atty., on brief), for appellants in No. 73–1997.

George S. Daly, Jr., Charlotte, N. C., for appellees in Nos. 73–1996 and 73–1997.

Before CRAVEN, RUSSELL and FIELD, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This case represents a challenge by Air Force reservists to the anti-wig regulation of the Air Force, as applied to their use of hair wigs at their week-end drills "so long as the wigs, *per se,* conform to Air Force specifications." [1]

The regulation, attacked by the plaintiffs, provides:

> "Wigs. Wigs or hair pieces will not be worn while on duty or in uniform except for cosmetic reasons to cover natural baldness or physical disfiguration. If under these conditions, a wig or hair piece is worn, it will conform to Air Force specifications."

We recognize that the military has wide discretion in regulating the conduct of its personnel, including their personal appearance and grooming, and that, in enlisting in the military, whether on a full time or reserve basis, the soldier voluntarily assumes the obligation to conform to military regulations, even regulations which to some extent may by reason of military exigencies restrict what would, under other circumstances, be regarded as an illegal infringement of a recognized constitutional right. But, though military regulations may in some instances transgress what would normally be regarded as constitutional boundaries, they may not do so unreasonably, arbitrarily or irrationally and must find some basis, albeit a "minimal" one, in "military exigencies". [2] Applying this rule, courts have differed on whether reservists, during week-end drills, may be prohibited from the use of hair wigs to cover their extra-length hair in order to conform to the military

---

1. Neither the plaintiffs nor the District Court questioned the validity of the regulation as it applied to the regular military personnel. Whether the regulation should be applied during summer camp to reservists was likewise not in issue. *Cf.,* Miller v. Ackerman (8th Cir. 1973) 488 F.2d 920, filed December 19, 1973. We are concerned in this case with the application of the regulation to reservists while attending week-end drills; any other issue must await explication in the context of a case in which such issue is expressly raised.

2. Yahr v. Resor (4th Cir. 1970) 431 F.2d 690, 691, cert. denied 401 U.S. 982, 91 S.Ct. 1192, 28 L.Ed.2d 334.

*See, also,* Dash v. Commanding General, Fort Jackson, South Carolina (D.C.S.C. 1969) 307 F.Supp. 849, 853, aff. 4 Cir., 429 F.2d 427, cert. denied 401 U.S. 981, 91 S.Ct. 1192, 28 L.Ed.2d 333:

"* * * 'servicemen have all the protections of the Bill of Rights except such as are expressly or by necessary implication not applicable by reason of the peculiar circumstances of the military.'"

appearance requirements.[3] It is unnecessary, however, to resolve this issue, as we find the instant regulation, as drafted, invalidly discriminatory.

Many of the cases which have found valid a regulation prohibiting the use of hair wigs by military reservists during week-end drills have been influenced in their decision by the non-discriminatory character of the regulation in question. Thus, in Raderman v. Kaine, *supra* (411 F.2d at 1106), the Court, in sustaining a hair regulation, emphasized:

> " * * * There is no claim here that plaintiff was treated any differently than any other reservist; in fact, he was advised by a Major General of the Army that 'Exceptions will not be made to this policy.' "

Again, in Agrati v. Laird (9th Cir. 1971) 440 F.2d 683, 684, which was an action by a military reservist seeking to escape the application of a hair-appearance regulation because of its effect on his civilian occupation, the Court pointed out:

> " * * * He [the plaintiff] does not contend that the regulation is invalid or *that he is treated differently than others*. He desires an exception made as to him." (Italics added).

The regulation under attack, however, does not treat all reservists alike. It incorporates a definite exception in favor of the bald-headed. The defendants offer no rational or military basis for this exception. It was suggested on argument that the use of wigs by persons with extra-length hair often does not cover the hair sufficiently to conform to the military hair-appearance requirements. This argument loses its force in the face of the specific finding by the District Court, not assailed on appeal, that the wigs used by the plaintiffs enabled them to "appearance-wise comply with military standards."[4] The regulation itself offers as the sole reason for the exception "cosmetic" considerations. We are unable to find "cosmetic" considerations which would allegedly justify a discriminatory constitutional deprivation as falling within any reasonable construction of military legitimacy, when applied to military reservists during their monthly week-end drills. We find convincing the conclusion reached by the Court in Good v. Mauriello (D.C.N.Y. 1973) 358 F.Supp. 1140, where, in speaking to this very wig regulation as applied to a reservist, it said at 1142:

> " * * * The government has failed to explain why the regulation must apply to some, but not to others. The regulations are in violation of the statutory authority given to the defendants."

*See, also,* Etheridge v. Schlesinger (D.C.Va.1973) 362 F.Supp. 198, 204.[5]

---

3. Raderman v. Kaine (2d Cir. 1969) 411 F. 2d 1102, cert. dismissed 396 U.S. 976, 90 S. Ct. 467, 24 L.Ed.2d 447, is generally cited in support of the regulation.

  The leading case to the contrary is Friedman v. Froehlke (1st Cir. 1972) 470 F.2d 1351.

4. One court has recognized that, in the case of a military reservist with hair longer than permitted by regulation, the use of a hair wig to cover the extra-length hair and thereby to conform to the military hair regulations, is an entirely proper method of compliance, at least for a reservist. Thus, in Gianatasio v. Whyte (2d Cir. 1970) 426 F.2d 908, 911, cert. denied 400 U.S. 941, 91

S.Ct. 234, 27 L.Ed.2d 244, the Court, in upholding the Army hair regulation, said:
  " * * * We decline so to rule and note in the words of the court below ' * * * that the plaintiff could have worn an appropriate wig, thereby complying with military requirements and satisfying the appearance needs of his job.' "

5. To the contrary, *see*, Comunale v. Mier (D.C.Pa.1973) 355 F.Supp. 429, 432, and McWhirter v. Froehlke (D.C.S.C.1972) 351 F.Supp. 1098, 1101.
  The first of these cases justifies its conclusion with this comment:
  " * * * Of course, the wearing of wigs by bald or disfigured men was per-

The result reached in the decision of the District Court is accordingly affirmed.

Affirmed.

FIELD, Circuit Judge (dissenting):

At a time when the burgeoning case-load of the federal courts is a matter of deep concern it is incredible, and to me a disturbing commentary, that a United States Court of Appeals would be called upon to address itself to something so trifling as the alleged unconstitutional dimensions of a "Wig Regulation" of a branch of the armed forces. The plain answer to this case, of course, is that no one "shanghaied" these "week-end warriors" into the Reserve. They elected to enlist in the Reserve and receive the advantages of its program and knew, or should have known, that they would be subject to a variety of military regulations some of which might impinge upon their personal tastes. Having made their election they are in no position to complain of a regulation that is neither unreasonable nor lacking in rationality.[1]

I think the federal judiciary would be well advised to heed the admonition of Mr. Justice Jackson in Orloff v. Willoughby, 345 U.S. 83, 94, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953):

> "The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to interfere in judicial matters."

The district court should have dismissed this frivolous piece of litigation out-of-hand. I would reverse.

mitted but I suppose the Air Force could consider that it could cope with a limited use of wigs which might improve the appearance of a squadron while ruling out the undiscriminate use of them." (355 F.Supp. 432).

We do not find such reasoning persuasive.

1. *See* Anderson v. Laird, 437 F.2d 912, 915 (7 Cir. 1971); Raderman v. Kaine, 411 F.2d 1102, 1106 (2 Cir. 1969).