Geoffrey SMITH et al., Plaintiffs,

v.

COMMANDING OFFICER, 1ST BATTALION, 23D MARINES, 4TH MARINE DIVISION, U. S. MARINE CORPS RESERVE, et al., Defendants.

Civ. No. 74–H–1016.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 1, 1974.

Anthony J. P. Farris, U. S. Atty. (William L. Bowers, Asst. U. S. Atty.), Houston, Tex., for the Government.

Frank A. Gerig, Houston, Tex., for plaintiffs.

MEMORANDUM AND ORDER:

HANNAY, District Judge.

## I.

Petitioners, reservists in the United States Marine Corps, soon face Annual Training Duty with that component of the armed forces and seek federal equity relief against a Marine regulation that forbids the use of short-hair wigs during that two-week period of constant military duty.

■ Although federal courts are properly reluctant to interpose in matters that are legitimate to the military function, Reaves v. Ainsworth, 219 U.S. 296, 31 S.Ct. 230, 55 L.Ed. 225, this Court is not prepared at this time to hold that Petitioners' contention is frivolous on its face. Mindes v. Seaman, 5 Cir., 453 F.2d 197, 198. See also and compare: Karr v. Schmidt, 5 Cir., 460 F.2d 609, cert. den. 409 U.S. 989, 93 S. Ct. 307, 34 L.Ed.2d 256, and Lansdale v. Tyler Junior College, 5 Cir., 470 F.2d 659 on the hair grooming question in the educational context. See: Hough v. Seaman, 4 Cir., 493 F.2d 298; Clayton Miller et al. v. Captain Carl Ackerman et al., 8th Cir., decided Dec. 19, 1973, 488 F.2d 920; Friedman v. Foehlke, 1st Cir., 1972, 470 F.2d 1351; Harris v. Kaine, 352 F.Supp. 769 (S.D.N.Y.1972); cf. Anderson v. Laird, 7th Cir., 1971, 437 F.2d 912. See also Defilippis v. United States, DC ND Illinois, 370 F. Supp. 82, and footnote at page 83 thereof.

Accordingly, this Court reaches the merits here.

## II.

■ Colonel Rappe, unit commander and a career Marine officer of considerable experience in both combat and peace time Marine service, testified effectively in support of subject regulation. The proof discloses that for purposes of local weekend monthly duty the short hair wig has been allowed to accommodate the civilian preferences or alleged needs of the reservists. Petitioners' forthcoming Annual Training Duty presents sharp and compelling distinctions in terms of military exigency to the usual eight hour a day periodic weekend duty. The scheduled military exercises are to be of the most rigorous kind in the vicinity of Norfolk, Virginia and Camp LeJeune, North Carolina. Reservists are to participate shoulder to shoulder with now active and operational units of the Marine Corps. Large scale amphibious landings in now unknown weather conditions, beachhead survival and assault techniques and the employment of live ammunition, and rapid, prolonged movement in a climate known to be conducive to physical exhaustion under such circumstances all point to the reasonableness and even the wisdom of the regulation in question.

The Court is persuaded that the regulation, far from being unconstitutional, is reasonably essential to individual Marine and Marine unit safety.

It would be both invidious and dangerous to the individual to judicially impose a distinction here between the field soldier and enlisted administrative personnel who presumably have no vested right to administrative assignments or immunity from field service.

It would clearly seem more sensible, practical, and safe for the reservist to secure a long-hair wig for transitional civilian use than to thus militarily endanger himself and his unit for reasons this Court must deem bizarre.

Great and necessary battles are not won by purchase or by irresponsible and interruptive sophistry. Victory is born of that salutary discipline which breeds military confidence in self and unit and mutual respect and appreciation between military superior and subordinate.

The Petition for federal equity relief is without merit and is in all respects denied.

The foregoing constitutes Findings of Fact and Conclusions of Law herein. This is and constitutes a Final Judgment herein.

It is so ordered.