Mike CURTIS et al., Plaintiffs,

v.

Donald RUMSFELD, Secretary of Defense et al., Defendants.

No. 4–76–Civ–328.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 2, 1976.

Alan W. Weinblatt, St. Paul, Minn., for plaintiffs.

Robert G. Renner, U.S. Atty., Stephen G. Palmer, Asst. U.S. Atty., Minneapolis, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Ten Marine Corps reservists with hair styles longer than authorized by Marine Corps regulations seek to temporarily restrain their Marine Corps superiors from punishing them for not cutting their hair or for wearing wigs at the two week active duty training period scheduled to start on July 31, 1976.

Evidence was received and argument heard on July 29, 1976.

The Court of Appeals for the Eighth Circuit has affirmed the holdings of the Minnesota and Nebraska District Courts that the Marine Corps may not prohibit the wearing of wigs at weekend training sessions. *Klinkhammer, et al. v. Schlesinger, et al., Miller v. Ackerman,* 488 F.2d 920 (8th Cir. 1973). The issue here is whether the Marine Corps properly may require reservists to comply with hair length regulations for the two week training sessions at Camp Pendleton, California, and Camp LeJeune, North Carolina. On the evidence presented here, I am of the view it can do so and that such does not impinge upon plaintiffs' constitutional rights.

At the hearing on July 29, 1976, testimony was received from Mike Curtis, one of the plaintiffs, and from Captain Moberg, a Marine Corps officer in command of one of the Minnesota units.

Captain Moberg testified that he attended a two week training period at Camp LeJeune, North Carolina in the summer of 1975 which several of the plaintiffs attended wearing wigs as authorized by Minnesota Federal District Judge Lord in a Temporary Restraining Order dated February 28, 1975. He said the experience of having a small number of reservists with longer than authorized hair and wearing wigs merged with a group of reservists and regular Marine Corps personnel with regulation hair length in joint training exercises was unsatisfactory and damaging to morale and to the conduct of efficient training exercises. He said the wearing of wigs by approximately ten members of the entire complement caused adverse comment, discussion and ridicule and required the reframe of the training exercises in order to accommodate the wearing of wigs by a limited number of the total personnel.

Captain Moberg testified that the training session to be held in 1976 was to be different from that of 1975. He said that in 1975 the Minnesota unit performed purely military police functions, but at the session in 1976 the unit was to participate in joint field training exercises requiring the absence of the men from their regular barracks several days at a time and the wear-

ing of helmets and gas masks. Underwater swimming exercises are scheduled. He said wearing of wigs in these activities might be hazardous. He said it was important for morale and efficient training that the dress and hair styles of all personnel in the combined training cadre be uniform.

Mike Curtis, one of the plaintiffs, testified that there was no undue criticism or discussion about those who wore wigs at the 1975 training session and that the wearing of wigs did not prohibit or inconvenience the wearing of helmets or gas masks or participation in field training exercises. Mr. Curtis said that in some of the weekend training sessions, field exercises were conducted at Camp Ripley.

It well may be that at a full hearing it could be shown that compliance with the Marine Corps hair regulations impinges upon plaintiffs' constitutional rights, but from the evidence presented, I am not satisfied that plaintiffs will prevail nor do I see irreparable injury to plaintiffs if the relief is denied. Denying the Temporary Restraining Order will require only that plaintiffs trim their hair to the required length. It will grow again. I see some damage to morale and some probable deterrence to the conduct of an efficient training session if a very limited number of the total personnel participating are exempted from the requirements as to hair length.

Balancing the evidence, the probability of success and the probable injury on each side, I am of the view that the petition for a Temporary Restraining Order should be Denied. It is.