Revel **BELLAMY** et al., Plaintiffs,

v.

Robert F. **FROEHLKE** et al., Defendants.

No. C-C-72-212.

United States District Court,
W. D. North Carolina,
Charlotte Division.

Sept. 15, 1972.

George S. Daly, Jr., Charlotte, N. C., for plaintiffs.

Hugh J. Beard, Jr., Asst. U. S. Atty., Charlotte, N. C., for defendants.

## TEMPORARY RESTRAINING ORDER

McMILLAN, District Judge.

The ancient strong man Samson, General George Washington, General Ulysses S. Grant and other military personages have managed to ply their military genius effectively in time of war, despite the handicap of unshaven face or unshorn locks.

Not so the modern American peace time Army Reserve.

In a verified complaint plaintiffs allege that they have hair longer than the Army and the Reserve regulations allow; that by wearing wigs they conform their personal appearance utterly to the "neat and soldierly appearance" requirement of the Army regulations, but that unlike soldiers scarred or naturally bald, they are denied the privilege or right to wear a wig under the Army wig regulation. They have been told that if they show up for drill tomorrow they will be marked absent instead of present; that this will give them excess absences and will make them subject to immediate induction into active duty in the regular Army.

With short hair wigs they present the required "neat and soldierly appearance." In fact, they say they wore wigs during two weeks of active duty at summer camp in the summer of 1972, and the wigs did not then and do not now in-

terfere with the performance of their duties.

The issue arises on the day before the zero hour when the plaintiffs will appear either in compliance with or in violation of the wig regulations. Notice was given to the United States Attorney, who appeared for the hearing.

Plaintiffs allege that the Army has a claim on only a little over 1% of their time outside the time spent in summer camp; that the Army's demand that they not wear wigs when no military reason is shown is an unwarranted interference with their life which is essentially civilian and is beyond the scope of the authority of the defendants under the law. They contend, furthermore, that the regulation invidiously discriminates between reservists who are scarred or naturally bald on the one hand and reservists like the plaintiffs whose defect is a head of flowing locks which, like baldness or keloids, can be successfully and effectively concealed by a wig.

*Prima facie,* the complaint states a valid ground for relief. The harm threatened, if illegal as alleged, is great and irreparable as long as we claim allegiance to a constitution which recognizes the dignity of individual human beings. Time for research has been limited, but the court has read among other authorities the recent opinion of Judge Tenney of the United States District Court for the Southern District of New York in the case of Harris v. Kaine, *Vaccarino* and *Resor,* Southern District 71 Civil 1704, dated June 29, 1972, and finds persuasive the essential reasons set out by Judge Tenney in support of the restraining order entered by him in a similar case.

The Clerk is directed to set the case for hearing on a non-jury calendar as early in the future as can practically be arranged. The defendants are, of course, allowed the customary sixty days in which to answer or otherwise plead or move. Meanwhile,

It is ordered, that the defendants and all their officers, servants and agents be, and they are restrained from denying plaintiffs full attendance and participation and credit in and for regular drills insofar as application of the Army regulations under challenge are concerned.