William Allen **HOUGH** and Joseph Furr,
Plaintiffs,

and

Johnny David Arnold, Intervening Plaintiff,

v.

Dr. Robert **SEAMAN** and Thomas C. McNeil, Defendants.

No. C-C-72-285.

United States District Court,
W. D. North Carolina,
Charlotte Division.

March 20 and March 21, 1973.

George S. Daly, Jr., Charlotte, N. C., for plaintiff and intervening plaintiff.

Hugh J. Beard, Asst. U. S. Atty., Nelson Casstevens, Jr., Mraz, Aycock & Casstevens, Charlotte, N. C., and Andrew Vanore, Asst. Atty. Gen., Dept. of Justice, Raleigh, N. C., for defendants.

## MEMORANDUM OF DECISION AND ORDER

McMILLAN, District Judge.

Plaintiffs Hough and Furr brought this action against the Secretary of the Air Force and against Colonel McNeil, their local commanding officer, seeking to restrain the enforcement against them of the Air Force's anti-wig regulations. A temporary restraining order was entered on December 8, 1972, and was continued in effect until an order should be entered pursuant to a full evidentiary hearing; a hearing was conducted on January 29, 1973.

On March 13, 1973, a motion was filed seeking to add Johnny David Arnold as a party plaintiff. On March 19, 1973, an order was entered allowing Arnold to intervene as a party plaintiff, and restraining the defendants, pending further orders of the court, from imposing any penalty, loss, discipline or restraint of any kind upon Arnold if he wears his wig to drill and otherwise conforms to applicable regulations.

Plaintiffs are part-time Air Force reservists. They allege and Hough and Furr offered evidence tending to show their weekend drill duties occupy only about two percent of their time and that including the annual summer camp duties their total Air Force activity consumes only about five percent of their time; otherwise they are civilians.

Hough and Furr came to court wearing wigs which, appearance-wise, comply with military standards of neatness and do not interfere with performance of their duties. Underneath the wigs however, they have hair that comes down about the neck and which in the vernacular would come close to making them "long-hairs."

Plaintiffs Hough and Furr have been served with "discrepancy slips" on account of wearing wigs to drill, and under the applicable statutes and regulations they are subject to orders to immediate active duty or priority induction if they show up again at drill with their long hair concealed by their short-hair wigs.

Each plaintiff alleges that he wears long hair out of personal preference and a desire to comport himself more closely with some of his peers. Plaintiff Hough has the further purpose thusly to express his opposition to the Southeast Asia military policy of the United States.

Plaintiff Hough wore his short-hair wig to a two-week summer camp in 1972 with no criticism and no interference with his assigned duties.

Air Force regulations [virtually identical in text with the former Army regulations discussed in Bellamy v. Froehlke, 347 F.Supp. 1241 (W.D.N.C.1972)] prohibit the wearing of wigs except "for cosmetic reasons to cover natural baldness or physical disfiguration."

Plaintiffs contend that requiring plaintiffs to cut their hair so that their ninety-five percent civilian existence must conform in appearance to the military desires for their five percent military existence is an unwarranted regulation of civilian affairs and an intrusion upon their freedom of expression; that the wig prohibition is not necessary for military purposes; that it is not the

narrowest available means to accomplish the legitimate purposes of the military; that it is beyond the scope of the statutes authorizing military activities; that it violates the plaintiffs' rights under the First, Ninth and Fourteenth Amendments to the United States Constitution; and also that it invidiously discriminates between plaintiffs on the one hand and Air Force personnel who are allowed to wear wigs to cover baldness or scarred areas on the other hand.

The military defendants contend that the plaintiffs waived their right to object to military neatness requirements by voluntarily joining the Reserves with knowledge of military regulations on personal appearance. They also contend that conformity to the wig regulation is necessary to maintain discipline and prevent a breakdown of morale and for the promotion of the grooming, health and cleanliness of the men. However, the defendant Colonel McNeil admitted that wearing a wig over long hair would not disturb the military effectiveness of the reservist.

The issues drawn, as nearly as I can see, are substantially identical with the issues previously drawn in Bellamy v. Froehlke, *supra*. The court is advised that the United States Army, subsequent to *Bellamy* and to the First Circuit decision in Friedman v. Froehlke, 470 F.2d 1351 (1st Cir. 1972), has changed its regulations to allow reservists to wear wigs to drill.

▮▮ I have heard in this court and have just issued an opinion in a case involving wigs of Marine reservists (Garmon et al. v. Warner et al., 1973, 358 F. Supp. 206 (1973). Although factual differences exist, the principles of jurisdiction, of statutory interpretation, of constitutional law, of waiver and of fundamental equity are so similar that I will not repeat but will incorporate in this order by reference the considerations expressed in the *Garmon* decision. In brief summary: (a) there is jurisdiction both under the statutes cited and discussed in *Garmon*, as well as under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) (one of the defendants is an officer and agent of the State of North Carolina); (b) the regulation exceeds the authority conferred by statute and Constitution upon military commanders and is an unwarranted intrusion into civilian life; (c) the regulation is unconstitutional for reasons stated in *Garmon* and for the further possible additional reason (see Bellamy v. Froehlke, *supra*) that it discriminates among reservists without necessary military basis; (d) there has been no knowing and intelligent waiver of an understood right; and (e) the regulation should not be enforced against plaintiffs.

Although the subject matter (hair) has gotten old, the principle involved is freedom from unnecessary military interference in civilian life, and the statutory and constitutional issues are therefore serious.

Plaintiffs Hough and Furr have moved that the forthcoming order be a final order because all of the evidence has been heard. Defendants have not replied to that motion and without such reply the court does not wish to make a final ruling.

Therefore, it is ordered that until further order of this court the defendants and each of them are restrained from imposing any penalty, loss, discipline or restraint of any kind upon the plaintiffs Hough and Furr because of their wearing wigs to drill so long as the wigs, *per se*, conform to Air Force specifications concerning appearance of hair. A hearing will be set on the question whether the temporary restraining order signed March 19, 1973, with respect to plaintiff Arnold should remain in effect.