**Charles W. HIPPLE**

v.

**John WARNER, Secretary of the Navy, et al., Defendants,**

**J. E. Allen et al., Applicants for Intervention.**

**Civ. A. No. 18681.**

United States District Court, N. D. Georgia, Atlanta Division.

Nov. 28, 1973.

Lawrence B. Custer and W. Sammy Garner, III, Custer, Smith & Manning, Marietta, Ga., for plaintiffs.

Stanley M. Baum, Asst. U. S. Atty., Atlanta, Ga., Captain Allan Ryan, Judge Advocate's Div. (Code A.I.), Headquarters, U. S. Marine Corps, Washington, D. C., for defendants.

### ORDER

RICHARD C. FREEMAN, District Judge.

This is an action for injunctive and declaratory relief brought by members of the Marine Corps Reserves assigned to units within the Northern District of Georgia. Plaintiffs seek an order declaring the defendants' "no-wig" rule unconstitutional and enjoining them from enforcing it against plaintiffs. Plaintiff Hipple, who has been recommended for involuntary activation, seeks additional relief enjoining the Marine Corps from involuntarily activating him and ordering defendants to reinstate him to his inactive status. A hearing on plaintiffs' motion for a preliminary injunction was held on October 3, 1973,

and was, pursuant to stipulation of counsel, consolidated with a hearing on the merits pursuant to Rule 65(a)(2), Fed.R.Civ.P.[1]

Defendants opposed the requested relief on the grounds of (1) lack of subject matter jurisdiction; (2) failure to state a claim because the regulations have been entrusted to the discretion of the U. S. Marine Corps and are not subject to review; and (3) the substantial and legitimate interest of the U. S. Marine Corps in the promulgation of such regulations.

As to plaintiffs other than Hipple, the material facts are not in dispute. Plaintiffs spend one weekend per month and two weeks annually on duty with the Marine Corps Reserves. Each prefers to wear his hair longer than the three inches allowed by the Marine Corps regulation.[2] They wish to be allowed to wear short-haired wigs rather than have their hair cut periodically. Although the Marine Corps rule against wearing wigs does not specifically appear in MCO P1020.34B, defendants view reservists who wear wigs as not complying with the regulation. Reservists whose hair does not comply with the regulation are given "unsatisfactory drill" grades for each drill at which their hair is in violation. A sufficient accumulation of such grades renders a Marine reservist subject to involuntary service on active duty. See 10 U.S.C. § 673(a).

Plaintiff Hipple has been recommended for involuntary activation by the Commanding Officer of his reserve unit. The recommendation is due, in part, to his wearing a wig to reserve meetings. Hipple wore the wig while testifying at the hearing, and stated that it had been trimmed several times since he was cited for failure to comply with MCO P1020.34B.

## I. MOTION TO INTERVENE

Two Marine reservists, John M. Cheek and Terry J. Knox, have moved to intervene as additional plaintiffs. Their motion is not opposed by defendants and is Granted. Rule 24(b), Fed.R.Civ.P.

## II. JURISDICTION

The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, 28 U.S.C. § 1346(a)(2), 5 U.S.C. §§ 701–704, and 28 U.S.C. §§ 2201 and 2202. The Fifth Circuit in Mindes v. Seaman, 453 F.2d 197, 198 (5th Cir. 1971), stated that the dismissal for want of jurisdiction should be done sparingly. It quoted from C. Wright, Law of Federal Courts, 62 (2d ed. 1971), to the effect that "[d]ismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form." If the federal claim is not frivolous, the proper test, according to the Mindes court, is to determine if the cause fails to state a claim upon which relief may be granted. For the purpose of addressing itself to the issues herein presented, the court assumes that its jurisdiction properly lies under 28 U.S.C. § 1331. Friedman v. Froehlke, 470 F.2d 1351 (1st Cir. 1972); Talley v. McLucas, 366 F.Supp. 1241 (N. D.Tex.1973).

## III. REVIEWABILITY

Other courts have been presented with reservists' challenges to the no-wig rule. Some have granted relief;[1] some have

---

1. At this hearing counsel for defendants assured the court that plaintiff Hipple would not be involuntarily activated pending an order of this court on the preliminary and permanent injunction requests.

2. Marine Corps Order P1020.34B (hereinafter MCO P1020.34B) provides:

Male personnel shall be well groomed at all times. They shall meet the following minimum standards.

They shall be clean shaven, except that a non-eccentric moustache is permissible.

The hair shall be worn neatly and closely trimmed. It shall be clipped at the sides and back so as to present an evenly graduated appearance. The hair on top must not be over three inches in length. Long or conspicuous sideburns are prohibited.

1. Friedman v. Froehlke, supra; Harris v. Kaine, 352 F.Supp. 769 (S.D.N.Y.1972);

denied it.[2] Many of the decisions granting relief, however, did not consider the question of reviewability separate from the question of jurisdiction. The Fifth Circuit has recently reviewed the major case law as to reviewability of military decisions. Mindes v. Seaman, *supra*. It concluded that "a court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." 453 F.2d at 201. It further concluded that not all such allegations are reviewable. It listed the following factors to be weighed by the district court in its determination of whether or not to review the military matter: (1) the nature and the strength of plaintiff's challenge to the military determination; (2) the potential injury to the plaintiff if review is refused; (3) the type and degree of anticipated interference with military function; and, (4) the extent to which military expertise or discretion is involved. *Id.*

Approaching the instant case in the manner directed by the *Mindes* court, it is clear that plaintiffs have met the *initial* requirements for review. They allege that the Marine Corps regulation disallowing Marines to wear short-haired wigs is unconstitutional as applied to reservists. The court is unaware of, and the defendants have not alleged, any intraservice corrective measure which the plaintiffs could exhaust before bringing this action. Accordingly, we must weigh the *Mindes* factors to determine if the Marine Corps policy is subject to review.

(1) Nature and Strength of Plaintiff's Challenge.

As to this factor the *Mindes* court stated that:

Constitutional claims . . . are themselves unequal in the whole scale of values—compare haircut regulation questions to those arising in court-martial situations which raise issues of personal liberty. An·obviously tenuous claim of any sort must be weighted in favor of declining review. *See e. g.* Cortright v. Resor, [447 F.2d 245 (2d Cir. 1971)].

453 F.2d at 201. The extent to which a person is constitutionally protected against interference with the manner he chooses to wear his hair is not clearly defined in the Fifth Circuit. In Lansdale v. Tyler Junior College, 470 F.2d 659 (5th Cir. 1972) (en banc), the Fifth Circuit recognized the constitutional right of a junior college student to wear his hair as he chooses. The main opinion, however, cautioned that the decision should not be read as modifying the rationale of the majority opinion in Karr v. Schmidt, 460 F.2d 609 (5th Cir. 1972) (en banc), wherein the Fifth Circuit had upheld against constitutional attack a high school regulation as to length of male students' hair. Both *Lansdale* and *Karr* point out the extent to which the judges of the Fifth Circuit are divided on the question of the constitutional right to wear one's hair as one chooses. Analyzing these two opinions, we conclude that the majority of the Fifth Circuit recognizes the constitutional right, but limits it with reference to the set-

Hough v. Seaman, 357 F.Supp. 1145 (W.D. N.C.1973); Garmon v. Warner, 358 F.Supp. 206 (W.D.N.C.1973); Krueger v. Laird, Civil No. 4–72 Civ. 321 (D.Minn., Nov. 13, 1972); Miller v. Ackerman, Civil No. 73–L–121 (D.Neb., April 30, 1973); Klinkhammer v. Richardson, 359 F.Supp. 67 (D.Minn. 1973). *See* also Bellemy v. Froehlke, 347 F.Supp. 1241 (W.D.N.C.1972) (restraining order granted); Good v. Mauriello, 358 F. Supp. 1140 (W.D.N.Y.1973) (preliminary injunction granted).

2. Cossey v. Seamans, 344 F.Supp. 1368 (W. D.Okl.1972); Baugh v. Bennett, 350 F.Supp. 1248 (D.Idaho 1972); McWhirter v. Froehlke, 351 F.Supp. 1098 (D.S.C.1972); Comunale v. Mier, 355 F.Supp. 429 (W.D. Pa.1973); Talley v. McLucas, *supra*. *See* also Whitis v. United States, 368 F.Supp. 821 (M.D.Fla.1973), aff'd Civil No. 73–3123 (5th Cir., Sept. 18, 1973) (preliminary injunction denied).

ting and circumstances wherein it is asserted. *See* Lansdale v. Tyler Junior College, *supra,* 470 F.2d at 662 ("The value of the liberty hasn't changed, rather the setting in which it is to be exercised has.") *See also* Talley v. McLucas, *supra,* 366 F.Supp. at 1242. While the court has some difficulty in analyzing and weighing the nature of the plaintiffs' challenge when the constitutional right is limited by its setting, it appears that, as far as the Fifth Circuit is concerned, the right ranks relatively low on "the whole scale of values." Mindes v. Seaman, *supra,* 453 F.2d at 201. Therefore, our analysis of the nature and strength of plaintiffs' challenge to the military determination weighs against review.

(2) Potential Injury to Plaintiffs if Review is Refused

Plaintiffs state that they wish to wear their hair somewhat longer than permitted by the Marine Corps as a matter of personal preference and in order to more easily associate with their contemporaries outside the military. They do not allege injury to First Amendment or other constitutional rights more clearly defined than the right to wear one's hair as one chooses. Rather, their claim of injury focuses on the threat of involuntary activation. However, most of the plaintiffs "can obviate this threat through the simple expedient of getting a haircut; and if the necessity of a haircut is claimed to be an irreparable injury, it seems manifest that the plaintiffs' position loses much of its force." Whitis v. United States, *supra* 368 F.2d at 822. The *Whitis* decision is distinguishable as it pertained to an application for a preliminary injunction. However, the injury of getting periodic haircuts over a longer period of time than the pendency of a judicial action, while not negligible, is a weak reason, at best,

for review. *See* Talley v. McLucas, *supra,* 366 F.Supp. at 1242–1243.

Plaintiff Hipple has been recommended for involuntary activation by Major W. C. Sims, the chief military officer of plaintiff's reserve unit. While this threat of involuntary activation is more immediate than as to the other plaintiffs and, perhaps, cannot be so easily obviated, the process of involuntary activation is lengthy, the initial recommendation is reviewed at various levels of the Marine Corps chain of command. No decision has been made as to plaintiff Hipple's case. We are inclined to agree with the defendants' contention that review of plaintiff Hipple's involuntary activation, if that comes to pass, is severable from the general attack on the no-wig rule by reservists who allege they face a threat of involuntary activation.[3]

In sum, the second factor set out in the *Mindes* decision weighs against judicial review.

(3) Type and Degree of Anticipated Interference with the Military Function

Discussing the third factor to be weighed the *Mindes* court stated

Interference per se is insufficient since there will always be some interference when review is granted, but if the interference would be such as to seriously impede the military in the performance of its vital duties, it militates strongly against relief.

453 F.2d at 201. We doubt that review in the instant case would "seriously impede the military in the performance of its vital duties." Lieutenant Colonel Miller testified as to the damage which could be caused to jet engines if wigs were permitted to be worn on the flight line, where a good deal of the unit's work is done. He stated that if review

3. An additional difficulty with reviewing plaintiff Hipple's attack on the recommendation for involuntary activation is that on the weekend of March 3–4, 1973, he also allegedly went from his appointed place of duty in violation of Article 86, Uniform Code of Military Justice (10 U.S.C. § 886). Further the citation for improper appearance pertained to uniform as well as hair length. Finally, the court would have difficulty making a determination as to his appearance in March; the wig which he wore to the hearing had been trimmed on several occasions before the hearing.

were granted and wigs were permitted to be worn on the flight line, he would take the reservists wearing wigs off the flight line. However, the evidence as to damage was theoretical in nature; no evidence of actual damage caused by wigs (or bobby pins) was offered. Neither was plaintiffs' testimony that wigs are securely fastened rebutted. While administering a "double standard" for active duty personnel and reservists with reference to short-haired wigs may slightly inferfere with military functions, review would not cause a serious impediment to the performance of vital duties. Our analysis of this factor, therefore, weighs in favor of review.

(4) Extent to which Military Expertise or Discretion Involved

Defendants contend that the court should defer to the Marine Corps expertise in assuring combat preparedness. They contend that their efforts to instill the spirit of group identification, which they deem essential to combat preparedness, would be hampered if reservists were permitted to wear short-haired wigs. On one hand, military expertise is indeed involved in deciding how best to assure the combat preparedness of military personnel. This is an area in which it is clearly improper and unwise for a court to indicate its opinion to the military. *Cf.* Gilligan v. Morgan, 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973). On the other hand, we are not convinced that the no-wig rule plays a part in assuring combat preparedness. Clearly the other branches of the armed services are equally interested in this goal; a number of these have nevertheless abandoned the no-wig policy. *See* Hough v. Seaman, *supra;* Garmon v. Warner, *supra.*

While plaintiffs concede that it is within the discretion of the military to set standards for the appearance of military personnel and to determine if and how a particular individual meets the standard, they contend that it is beyond the discretion of the military to regulate the means of complying with the stand-

ard so as to prevent reservists from wearing wigs. Defendants, on the other hand, contend that it is within their discretion to interpret its regulation so as to require natural hair to be of a certain length for both Marines on active duty and in the Reserves.

If we were to determine, in an effort to weigh this part of the fourth *Mindes* factor, whether the military may regulate a reservist's means of compliance with the hair length regulation, we would have to reach and determine the merits of the instant case. It cannot be the intention of the *Mindes* court when it set out the factors to be weighed in determining if review should be granted to have the district court reach the merits in the weighing process. Thus, we decline to find that the no-wig policy is or is not within the Marine Corps' discretion.

## IV. CONCLUSION

Our analysis of the nature and strength of plaintiffs' challenge to the military determination, of the potential injury to plaintiffs if review is refused and, perhaps, of the military expertise involved leads us to conclude that the challenged military determination is not reviewable in the federal court, despite the fact that the type and degree of anticipated interference with the military function if review were granted would not be substantial. Mindes v. Seaman, *supra;* Talley v. McLucas, *supra.*

Our conclusion that a balancing of the *Mindes* factors leads to non-reviewability is buttressed by the *Mindes* citation of Anderson v. Laird, 437 F.2d 912 (7th Cir. 1971), and Raderman v. Kaine, 411 F.2d 1102 (2d Cir. 1969), wherein review was denied despite reservists' constitutional arguments in support of their right to wear long hair. While these cases did not involve the issue of short-haired wigs, each emphasized that the military's disciplinary measures in response to what it felt was not the required "neat and soldierly appearance" on the part of reservists was not subject to judicial review.

As we have determined that the allegations of plaintiffs are not reviewable in this court, we do not reach the merits. It should be noted, however, that even as to reviewability, this decision is limited to the facts herein presented. In some factual circumstances it is clear that a balancing test would lead to reviewability; certain allegations as to conduct by the military will lead to review and accountability in a judicial forum. *See* Gilligan v. Morgan, *supra*, 37 L.Ed.2d at 416.

In accordance with our conclusions as to reviewability, the action is hereby dismissed for failure to state a cause of action upon which relief can be granted.

It is so ordered.