**Stephen Kevin CLARK, Petitioner,**

v.

**James SCHLESINGER and Col. John E. Taylor, Jr., United States Air Force Reserves, Respondents.**

**No. CA 3–74–967–C.**

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 22, 1974.

James A. Johnston, Johnston & Dixon, Dallas, Tex., for petitioner.

Frank D. McCown, U. S. Atty., Roger J. Allen, Asst. Atty. Gen., Dallas, Tex., for respondent.

## MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., Chief Judge.

Stephen Kevin Clark, Petitioner, has filed this mandamus complaint seeking to compel the Respondents to perform a duty owed to Petitioner because the Petitioner was given no notice that he had a right to an administrative redetermination or appeal of the order directing Petitioner to report for involuntary active duty. Petitioner also seeks the ancillary relief of a preliminary injunction to restrain the enforcement of Petitioner's orders for entry to active duty on October 7, 1974. The request for a preliminary injunction and petition for mandamus was heard by this court on the merits on October 10, 1974.

### I. *The Facts*

Stephen Kevin Clark voluntarily enlisted in the United States Air Force Reserve on November 30, 1970. At the time Petitioner signed his enlistment contract, the Petitioner also signed a statement of understanding and agreement which placed complete responsibility upon Petitioner for keeping his unit advised of any change in his mailing address and marital status. Petitioner also signed a certificate of orientation dated April 28, 1971, wherein Petitioner acknowledged that he fully understood:

(1) The possibility of being ordered to extended active duty for up to 24 months for unsatisfactory participation in training, including failure to progress in his AF Specialty (DOD Directive 1215.13, 9 Jan 69).

(2) The requirement to insure that his records reflected a current mailing address at all times at which he could be reached.

Petitioner satisfactorily participated in his Reserve Unit meetings through October of 1973. The testimony reveals that at this period in time the Petitioner was a named plaintiff in litigation styled Talley, Jr. et al. v. McLucas, Secretary of Air Force et al., D.C., 366 F. Supp. 1241, wherein the plaintiffs sought to enjoin the Air Force from enforcing its regulation [AFM 35–10] regarding the wearing of wigs or hair pieces. The plaintiffs also sought to have the Court declare the enforcement of such regulation to be in violation of the First Amendment of the United States Constitution. This relief was denied to the plaintiffs and an appeal was taken to the United States Court of Appeals for the Fifth Circuit.

Following the denial of the requested relief, the Petitioner herein attended one more regularly scheduled meeting of his Reserve Unit. Due to these unexcused absences the Petitioner was processed for call-up to involuntary active duty. Following the receipt of such orders the Petitioner initiated the present action.

### II. *The Preliminary Injunction*

■■ Based on the foregoing facts, Petitioner seeks a preliminary injunction. The general purpose of a preliminary injunction is to preserve the status quo pending final determination of the action after a full hearing. Exhibitors Poster Exchange, Inc. v. National Screen Service, 441 F.2d 560 (5th Cir. 1971); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971); Miami Beach Fed. Sav. & Loan Ass'n v. Callander, 256 F.2d 410 (5th Cir. 1958). However, before this court can grant a preliminary injunction it must be satisfied that there is a probable right to relief and a probable danger that that right would be defeated unless the injunction is issued. Crowther v. Seaborg, 415 F.2d 437 (10th Cir. 1969). In order to set forth a probable right, it must be shown that it is likely that Petitioner will prevail at the trial on the merits. West Virginia Highlands Conservancy v. Island Creek Coal Co., 441 F.2d 232 (4th Cir. 1971). After examining the pleadings, the testimony presented at trial, the documentary evidence, and the arguments of counsel, the court is of the opinion that the Petitioner has failed to satisfy the element of a "probable right to relief." Moreover, the court has determined on the merits

that the Petitioner is not entitled to the relief sought.

### III. *Performance of Duty*

██ The Petitioner's allegation that he is being ordered to involuntary active duty without notice of his right to an administrative appeal is without merit.

Petitioner's testimony reveals that he had been receiving mail from the Air Force Reserves at his 608 W. Canty Street address. Petitioner acknowledged that he had receipted for a certified letter notifying him that his absence from training on November 17 and 18, 1973, could result in his being ordered to involuntary active duty. This letter directed Clark to report for the next regularly scheduled meeting, held December 1st and 2nd of 1973. He reported for the December 1st meeting, but missed the December 2nd meeting following a discussion with Major Morrissey, his unit commander. Major Morrissey discussed Clark's reasons for his absences up to this time and informed Clark that he was obligated to enforce all U.S.A.F. regulations including the prohibition against reservists wearing wigs. Clark testified at the hearing on this matter that if Morrissey enforced the regulation governing the wearing of wigs then Clark would continue to incur unexcused absences. Clark understood and expected that this could result in his being called up for active duty.

Petitioner was sent a registered/certified mailing on March 22, 1974, notifying him that action was being taken to recommend his recall to active duty. It was during this month that Petitioner states he changed his mailing address without notifying the Air Force Reserves. However, between this date in March and the first mailing in November 1973, Petitioner stated that he had seen several other mailings sent by the Air Force Reserve to the Canty Street address, but had refused to receipt for them because he assumed these registered/certified mailings were "more of the same". Petitioner did receipt for his Extended Active Duty Order on September 27, 1974. This Order was mailed to the 608 W. Canty Street address.

The Court cannot accept Clark's assumption that refusal to receipt for the mail would allow a reservist, who knows the usual method of contacting him is through the mail, to completely ignore all Air Force Reserve communications and thereby fail to fulfill his military obligation to which he voluntarily agreed.

At no time between March 1974 and the date of this hearing did Petitioner ever advise the Air Force Reserve of his change of address. At no time between December 2, 1973, and the date of this hearing, did Petitioner ever attend a regularly scheduled meeting of his Air Force Reserve Unit.

Petitioner's reliance on AFR 35–41, Chapter 7, paragraph 7–9 (April 16, 1974) is misplaced. The Air Force was not operating under the provisions of this paragraph because the Petitioner was already located. His whereabouts were not unknown. To require that the Air Force personally deliver his active duty orders or make a personal visit to advise Petitioner of appeal rights is to place an interpretation clearly not expressed within the language of AFR 35–41, Chapter 7 (April 16, 1974). White v. Callaway et al., 501 F.2d 672 (5th Cir. 1974). Petitioner has received all due process to which he has availed himself.

For the foregoing reasons it is therefore ordered that the Petition for Mandamus is denied.