Daniel SALAICES et al.,
Plaintiffs,

v.

M. O. SABRAW, Judge of the Superior
Court, State of California, County of
Alameda, Individually and in his offi-
cial capacity, Defendant.

No. Civil 75–0543 SW.

United States District Court,
N. D. California.

Aug. 5, 1975.

Susanne Martinez, Robert L. Walker, Youth Law Center, San Francisco, Cal., for plaintiffs.

Kelvin H. Booty Jr., Senior Deputy County Counsel, County of Alameda, Oakland, Cal., for defendant.

MEMORANDUM OPINION

SPENCER WILLIAMS, District Judge.

This matter came before the Court on plaintiffs' motion for preliminary injunction. The plaintiffs herein are three children, Daniel, 13 years of age; Lauren, 11 years of age; and Regina, 10 years of age. They are suing through their guardian *ad litem*, Sam Salaices who is also their stepfather. These children seek to enjoin the Honorable M. O. Sabraw, Judge of the Superior Court, State of California, County of Alameda, from enforcing a visitation order against their mother without allowing them to intervene and be separately represented by counsel.

A brief summary of the facts is necessary to an understanding of the Court's decision. Mrs. Salaices, the natural mother of the children plaintiffs, and Mr. Hidalgo, the natural father of the children, were divorced in 1970. The final divorce decree gave Mrs. Salaices

custody of the children, and reasonable visitation rights to the father. Several years, passed without either Mrs. Salaices or Mr. Hidalgo doing much about enforcing these rights or even attempting visitation. Finally in November of 1974 Mr. Hidalgo brought contempt proceedings against Mrs. Salaices for failure to allow or require, as the case may be, the children to visit him. It is this contempt proceeding which has become the subject of the action herein.

The children plaintiffs attempted through the Youth Law Center to intervene in the contempt proceeding on the theory that they did not want to visit their father and that their interests concerning visitation were not being adequately represented. The children alleged there, as they allege here, that Mrs. Salaices' interests were antagonistic to theirs because she has taken a neutral position toward their visitation. She alleges that she cannot oppose visitation since she continues to seek support from Hidalgo and Hidalgo conditions such payment upon continued visitation. This alleged conflict of interest failed to persuade the Superior Court and this Court must admit that it finds the alleged conflict to be slightly contrived under the facts herein.

Judge Sabraw denied the children's motion to intervene and their quest for a writ of mandamus through the California Court system proved fruitless. Thereafter this complaint for injunctive and declaratory relief was filed based upon alleged violations of the children's due process rights.

Plaintiffs argue that they are being deprived of their right to liberty without due process since they are being required to participate in a visitation program with a parent they do not desire to visit, and are afforded no right to intervene with their own counsel and be heard independently of their parents.

■ Ordinarily the courts have assumed and the law has been that children's rights are protected and their interests represented through their duly appointed guardians and by the courts. One can readily envision situations in which the guardian's interests are in obvious conflict with the child's interest. And in those cases the courts have both the power and the duty to assure that the child's interests are adequately protected and represented. Furthermore, in some such situations adequate protection and .representation could well compel a judge to appoint a special guardian *ad litem* who would appear through separate counsel. This Court does not quarrel with this as a general proposition, but rather finds that the case at bar does not rise to these proportions.

■ In order to prevail on a motion for preliminary injunction, the plaintiffs must show irreparable and immediate harm, probability of success on the merits, balancing of harm which does not weigh more heavily against defendants, and a result, at least, not inconsistent with the public interest. See *Sierra Club v. Hickel*, 433 F.2d 24 (9th Cir. 1970), *aff'd.* 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

■ The only two elements of concern herein are irreparable harm and probability of success. Plaintiffs argue forcefully that any deprivation of a constitutional right is *a fortiori* irreparable harm. See for example, *Bellamy v. Froehlke*, 347 F.Supp. 1241 (D.C.N.C. 1972). Assuming without deciding that plaintiffs have made a sufficient showing of irreparable harm, the court is still not persuaded that plaintiffs have carried their burden of showing a probability of success on the merits. Based upon the papers, the transcripts of the hearings before Judge Sabraw, and the arguments in this case, there is not a strong showing that these children's due process rights have been violated.

Plaintiffs correctly point out that the Supreme Court has recently said that children like adults are entitled to due process protections prior to deprivations of a constitutional right. *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). Assuming *arguendo* that

being required to visit their father against their will is such a deprivation minimal due process requirements have been fulfilled. Not only were the children given notice and an opportunity for hearing through their mother and legal guardian, but upon being apprised that there was a conflict of interest, real or contrived, between the mother and the children, Judge Sabraw gave the children several opportunities to present their side.

Judge Sabraw heard the children's objections to the visitation through their counsel when he heard and rejected their motion to intervene. At the hearing on November 22, 1974, the Judge spoke with the two oldest children in his chambers in order to try to understand their position.[1] During the December 13, 1974 hearing the Judge heard the children's lawyer again. He was allowed to appear specially and represent briefly that the children did not want to visit and would not visit their father. The judge also appointed a social worker from the probation department to visit with the children and to report to the court concerning their needs and interests, thus giving the court an independent view of this situation. Although the court did not appear persuaded by the social worker's recommendation that visitation be discontinued,[2] that process was another example of the opportunity to be heard afforded to the children. Further both the natural mother and father frequently represented to Judge Sabraw the children's attitude and position, although neither advocated the children's position in the way plaintiffs urge they have a right to have it advocated at a hearing.

Plaintiffs cite *Goldsmith v. Jekanowski,* —— F.Supp. —— (C–75–1308F, D.C. Mass., April 28, 1975) as supportive of their position. However, in that case the plaintiff's custody was the question, while here the plaintiffs are only being required, albeit against their wills, to visit their father occasionally. Furthermore, in this case there is no contention the children will suffer physical or mental abuse other than the mental stress they allegedly experience due to their furious resistance. In *Goldsmith,* there is no indication how the court responsible for making custody decisions considered that eleven year old's preference, if it did at all. In this case the transcript is replete with Judge Sabraw's attempts to understand the plaintiffs' side of the story. *Goss, supra,* not only teaches that children do have due process rights, but it also teaches that the safeguards which must be afforded to protect these rights vary with the importance of the right subject to deprivation. Visitation is a far different circumstance than custody and the Court feels that this alone distinguishes *Goldsmith.* Any due process protections that might be required in a visitation situation have been provided in this case.

The Court must note that the plaintiffs herein are obviously seeking a broad delineation of children's rights in domestic relation areas. As desirable as that result may ultimately be, the facts herein do not warrant such a broad holding.

Thus it is the finding of this Court that under the facts herein, the children's due process rights have not been violated by being denied the opportunity to intervene as independent parties through their guardian *ad litem* and with their own counsel.

---

1. Judge Sabraw talked only to Maria and Daniel. Maria, the oldest child, is exempt from the original visitation order. Daniel is the oldest child of the children required to visit. The Judge did not speak to the two youngest girls evidently on the theory that they were too young to have made strong, independent judgments concerning visitation.

2. The Superior Court's insistence upon visitation in light of this recommendation, and the children's resistance seems curious, especially when Cal.Civ.Code § 4600 requires that Court to consider the preferences of children old enough to reason. However, this result does not bear directly upon the due process questions before this Court.

Since plaintiffs' have not borne their burden of showing a probability of success on the merits, plaintiffs' motion for a preliminary injunction is hereby denied.

It is so ordered.