**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael FERRANTINO, Sam Cusenza,**
**and Joseph Valentini,**
**Defendants-Appellants.**

No. 83–1577.

United States Court of Appeals,
Sixth Circuit.

Sept. 22, 1983.

Order for Publication June 27, 1984.

Richard E. Zuckerman, Fred A. Foley, Raymond, Rupp & Wienberg, Troy, Mich., Neil H. Fink, David DuMochel, Detroit, Mich., for defendants-appellants.

Leonard R. Gilman, U.S. Atty., Maura D. Corrigan, Asst. U.S. Atty., Christopher A. Andreoff, Special Atty., Detroit Strike Force, Detroit, Mich., for plaintiff-appellee.

Before MERRITT, MARTIN and CONTIE, Circuit Judges.

## ORDER

PER CURIAM.

This matter is before the Court upon consideration of defendants' motions for stay of the district court criminal trial pending appeal and for the advancement of this appeal.

Defendants have been charged with conducting the affairs of several corporations through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), (d) and § 1963(a)(1), (2). The penalties for violating these sections include forfeiture of all property involved in the criminal enterprise. The government moved to restrain the sale, transfer, or encumbrance of defendants' interests in various sludge-related corporations during the course of the criminal proceedings. In response to the government's motion, defendants argued that no restraints could be placed on the disposition and handling of their properties without first conducting a full evidentiary hearing.

On February 16, 1983, a hearing on the motion was conducted. At the conclusion of this hearing, the parties engaged in informal negotiations, and subsequently stipulated to the entry of the restraining order. Because of this voluntary stipulation, the court found no need to conduct an evidentiary hearing on the matter.

Defendants moved to dissolve the restraining orders on July 26, 1983, on the grounds that the evidence supporting the restraining orders was illegally obtained via a warrant for electronic surveillance issued by a non-neutral judge. The defendants' motion to dissolve the restraining orders was denied without a hearing. Subsequently, defendants filed this interlocutory appeal in which they contend that this Court has jurisdiction to decide an interlocutory appeal from the district court's refusal to dissolve the restraining orders issued pursuant to 18 U.S.C. § 1963(b), and that the evidence used by the district court to support the orders was illegally obtained.

While interlocutory appeals are not generally favored in criminal trials, *Abney v. United States*, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977), *quoting DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 657, 7 L.Ed.2d 614 (1962), we conclude that the allowance of such an appeal is mandated herein. The disputed issues—the propriety of the issuance of the restraining orders and which property, if any, is subject to forfeiture—are collateral to and separate from the issue of defendants' guilt or innocence. While the restraining order here is not entirely separable from the RICO proceedings in the sense that those proceedings will finally adjudicate the question of whether defendants' "interest" in the property is subject to forfeiture, we find that it is separable in the sense that the question of whether the statute and the Constitution permit an order entered under circumstances such as these will not be answered by the disposition of the pending criminal trial. Nor will the ultimate outcome of the criminal proceedings determine what kind of evidentiary burden the government must meet before a pre-trial restraining order can be granted.

The resolution of these issues, although tangential, have no direct bearing on the outcome of the guilt or innocence of these defendants. Under these circumstances, we hold that this Court has jurisdiction to hear the interlocutory appeal and that the

district court retains jurisdiction to proceed as scheduled with the criminal trial. *See United States v. Crozier,* 674 F.2d 1293 (9th Cir.1982), *reh. denied,* (1982); *United States v. Leppo,* 634 F.2d 101, 105 (3rd Cir.1980).

Accordingly, it is ORDERED that the defendants' motion to stay the district court proceedings be and hereby is denied.

It is further ORDERED that the motion of the defendants for advancement of the appeal be and hereby is denied. Rule 7(b), Rules of the Sixth Circuit.

Both parties may seek review in this Court, if review is deemed necessary, after the proceedings conclude in the district court.

ENTERED BY ORDER OF THE COURT.