UNITED STATES of America, Plaintiff-Appellee,

v.

**William Compton MUSSON and Gary E. Mintz, Defendants-Appellants.**

Nos. 85–2706, 85–2707.

United States Court of Appeals, Tenth Circuit.

Sept. 26, 1986.

---

Robert W. Cook, Victor L. Abbo, Boulder, Colo., for defendant-appellant William Compton Musson.

Joseph Saint-Veltri, Denver, Colo., for defendant-appellant Gary E. Mintz.

Robert N. Miller, U.S. Atty., F. Joseph Mackey III, Asst. U.S. Atty., Denver, Colo., for plaintiff-appellee.

Before BARRETT, SETH and ANDERSON, Circuit Judges.

SETH, Circuit Judge.

■ This appeal is from the district court's granting of a restraining order prohibiting alienation of certain property of appellants which may be subject to forfeiture under 18 U.S.C. § 1963 and 21 U.S.C. § 853 except under certain conditions. This court has jurisdiction to review such an interlocutory order where, as here, the disputed issues are collateral to and separate from the issue of the defendants' guilt or innocence. *United States v. Ferrantino*, 738 F.2d 109, 110 (6th Cir.); *United States v. Spilotro*, 680 F.2d 612, 615 (9th Cir.).

The restraining order arises out of an indictment returned against defendants-appellants, Gary E. Mintz and William Compton Musson. The indictment was returned on October 25, 1985 and charged the appellants with drug racketeering and tax offenses under 18 U.S.C. § 1961 and 21 U.S.C. § 848. On October 28 the United States moved for a restraining order under 18 U.S.C. § 1963(e)(1)(A) and 21 U.S.C. § 853(e)(1)(A) to protect the government's interest in property alleged to be subject to forfeiture in the event of criminal convictions. On the basis of the criminal indictment, which alleged that the defendants' interests in certain real and personal property are subject to forfeiture, the district court issued a restraining order. The order requires notice to the government and an opportunity for hearing as well as court approval before any sale or transfer of the described property. At the hearing at which the motion for the restraining order was granted the defendants raised several objections including potential adverse impact to interests of third parties, failure to describe a nexus between the alleged unlawful acts and the subject property, and a claimed exemption from forfeiture for securities purchased on the open market. The appellants renew these objections in their appeal to this court.

The appellants contend that before a restraining order can issue an evidentiary hearing is required at which the government should be required to demonstrate through factual submissions a reasonable probability that forfeiture will be ultimately obtained, and that such a restraining order can only be issued after meeting the requirements of Rule 65 of the Federal Rules of Civil Procedure. The appellants specifically ask this court to adopt the reasoning of the Ninth Circuit in *United States v. Crozier*, 777 F.2d 1376 (9th Cir.), claiming that such an evidentiary hearing is necessary to comport with due process.

Our consideration of this issue must begin with the statutory language of the sections in question and the apparent intention of Congress in creating such remedies. The statutory provisions here concerned are portions of the Comprehensive Forfeiture Act of 1984. 18 U.S.C. § 1963(e)(1) provides that:

"Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availabil-

ity of property described in subsection (a) for forfeiture under this section—

"(A) upon the filing of an indictment or information charging a violation of section 1962 of this chapter and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; or

"(B) prior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that—...."

■ It appears that Congress intended that a hearing of the nature proposed by appellants be required only when a restraining order is sought *prior* to an indictment. The language indicates that it was intended by Congress that the return of an indictment charging a violation of § 1962 and alleging that the subject property would be subject to forfeiture should suffice, without more, as a finding of probable cause. We are not prepared to hold that any Congressional statement of what constitutes probable cause is a final determination. However, the probable cause determination by a grand jury has obviously been long recognized by the courts as sufficient at least for an immediate arrest on the charge in the indictment. The statute seeks to add another element into the determination of cause by the grand jury—that the described property is subject to forfeiture if certain statutory provisions are applicable. We see no serious objection to such a determination within the traditional functions of a grand jury. On the assumption which we must make, that there has been submitted evidence to support it, we also see no fundamental defect in such a determination which would impair its use to support the restraining order here concerned. Under the statutory provisions, and within the general powers of the court the restraining order may be re-examined from time to time should a need be shown. It is apparent that the nexus between the substantive offenses and the described property is here not set forth ex-

cept in conclusory terms in the indictment nor in the order.

Appellants assert that the issuance of a restraining order without an evidentiary hearing does not comport with due process. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484. Consideration of the procedural protections called for include as basics the potentially infringed interests of the individual and the interests which the government is seeking to protect.

It is evident from the legislative history of the Comprehensive Forfeiture Act that Congress sought to give federal prosecutors an additional weapon in prosecuting drug trafficking and criminal enterprise cases. In particular, Congress wanted to remove limitations upon the effectiveness of forfeiture remedies. Toward this end, Congress recognized that prosecutors often declined to pursue a restraining order for fear of damaging their eventual prosecution of defendants by prematurely disclosing their evidence and strategy. S.Rep. No. 225, 98th Cong., 2d Sess. at 196. Congress sought to increase the attractiveness of the forfeiture remedy.

The appellants recognize that the property is not seized but they contend that the pretrial restraining order infringes upon their rights of free alienation of the property and initially on the rights of third persons who may have claim to the subject property. Appellants also urge that an injunction impairs their right to the presumption of innocence. Acknowledging the potential for infringement of these important interests, we must review the procedural protections established by Congress to insure such interests are adequately protected.

Appellants' concerns regarding potential third party interests in the subject property are also addressed by a provision for subsequent third party petitions to the court. 18 U.S.C. § 1963(m); 21 U.S.C. § 853(n). As to notice to the persons charged, the indict-

ment itself in these instances provides detailed notice to the defendant that the government intends to seek the remedy of forfeiture and contains a description of the property of which the forfeiture will be sought. The statute expressly requires that the indictment returned by the grand jury include an express allegation that the specified property would be subject to forfeiture in the event of a criminal conviction. This was done in this instance in the statutory language with little more. As mentioned, this is in conclusory terms, but again as for the substantive charge, it must be assumed that there was submitted to the grand jury evidence to support the determination.

 The restraining order in this instance prohibited transfers or dispositions of the subject property without notice and permission of the court. The nature of the infringement therefore is a restraint upon its free alienation which it must be conceded is far less intrusive than a physical seizure of the subject property. In *Fuentes v. Shevin*, 407 U.S. 67, 90–91, 92 S.Ct. 1983, 1999, 32 L.Ed.2d 556, the Supreme Court endorsed the physical seizure of property without a prior hearing where prompt action is necessary to secure important governmental interests. In the forfeiture context also, the Supreme Court has affirmed the seizure of property on the basis of probable cause even in the absence of a hearing. *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 679, 94 S.Ct. 2080, 2089, 40 L.Ed.2d 452. With such benchmarks we cannot conclude that the reliance of the district court upon the grand jury indictment in issuing a restraining order which restricted free alienation of the subject property failed to comport with due process. In contrast, the court in *United States v. Crozier*, 777 F.2d 1376 (9th Cir.), was faced with a situation where the defendants' property was seized and a wrongful seizure apparently could not be challenged until after the completion of the criminal case. 777 F.2d at 1384. The present restraining order provision with the statutory recitations avoids such problems and adequately protects the defendants' interests.

We have considered appellants' additional contentions and find them to be without merit.

Therefore, the order of the district court is hereby AFFIRMED.