United States Court of Appeals,

Fifth Circuit.

No. 92–2002.

UNITED STATES of America, Plaintiff–Appellee,

v.

Mary Jane JENKINS, Defendant–Appellant.

Oct. 5, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before VAN GRAAFEILAND[*]*, KING and EMILIO M. GARZA, CircuiJudges.

VAN GRAAFEILAND, Circuit Judge:

Mary Jane Jenkins appeals from an order denying her motion to dismiss, dissolve or modify a pretrial restraining order issued pursuant to 18 U.S.C. § 1963(d). We affirm.

On April 9, 1991, a grand jury sitting in the Southern District of Texas indicted Jenkins and five individual co-defendants, charging them, among other things, with conducting and conspiring to conduct an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962 ("RICO"). The alleged enterprise consisted not only of the six defendants, but also sixteen unindicted corporations, each of which allegedly was controlled by Jenkins. Except for two foreign holding companies, the corporations were scattered throughout the South. All of them allegedly were connected directly or indirectly with the operation of adult bookstores and/or peep show video arcades. The indictment listed ten predicat e racketeering acts, nine of which dealt with the transportation of obscene material in interstate commerce, 18 U.S.C. §§ 1462 and 2, and one which dealt with the promotion of obscene material, Tex.Penal Code § 43.23 and 18 U.S.C. § 1961(1)(A). The indictment asserted a penalty of forfeiture under 18 U.S.C. § 1963(a), and sought forfeiture of the sixteen corporations, bank acco unts belonging to several of the corporations, money seized in prior raids, and Jenkins' automobile and residence.

---

[*]Senior Circuit Judge of the Second Circuit, sitting by designation.

On April 10, 1991, the government obtained an *ex parte* restraining order pursuant to 18 U.S.C. § 1963(d), which in substance prohibited the defendants and the unindicted corporations from selling, assigning, transferring, encumbering or removing from the jurisdiction of the court any assets owned by or owed to them. The order required that weekly payments to Jenkins (the proceeds of a 1989 sale of four adult bookstores) be turned over to the United States Marshals Service, to be held until forfeitable upon conviction. It also directed defendants to maintain the properties and "to abstain from using the ... properties and enterprises in any way to violate any state, federal or local laws." Finally, the order provided that:

> No person shall consider this Order as a restraint or prohibition to the carrying on of any lawful activity or business, and the above mentioned businesses and commercial establishments are not restrained or prohibited from operating any lawful businesses in a normal business manner, including the payment of salaries, outstanding debts, and liabilities that exist as of the date of the filing of this Order, as long as the normal conduct of business does not dissipate or diminish the value, as of April 9, 1991, of the assets, properties, and interests subject to forfeiture to the government. Nothing in this Order shall be construed to restrain the dissemination of visual or printed matter, nor to condone the illegal sale or distribution of obscene material.

On July 17, 1991, Jenkins moved that the order be dissolved and requested a hearing, which was held on September 27, 1991. Jenkins' principal argument was that both RICO's substantive prohibitions and its forfeiture and restraining order provisions are unconstitutional as applied to those charged with selling obscene materials. On November 20, the district court denied Jenkins' motion, largely because the challenged order allowed the parties to continue their operations, including the selling of the allegedly obscene material.

Under the law of this circuit, the district court's denial of Jenkins' motion is an interlocutory order refusing to modify or dissolve an injunction, and, as such, is immediately appealable under 28 U.S.C. § 1292(a)(1). *See United States v. Thier,* 801 F.2d 1463 (5th Cir.1986), *modified on other grounds,* 809 F.2d 249 (5th Cir.1987) (accepting a similar appeal without discussion of appealability). To say that the order below is appealable, however, is not to say that we should consider all the wide-ranging issues Jenkins has raised. As a general rule, courts of appeals should conduct only a

limited review in interlocutory appeals, and should address only the propriety of the order that gave rise to the appeal. *See Brown v. Chote,* 411 U.S. 452, 456–57, 93 S.Ct. 1732, 1735–36, 36 L.Ed.2d 420 (1973); *Enterprise Int'l v. Corporacion Estatal Petrolera,* 762 F.2d 464, 470 (5th Cir.1985). Judicial restraint is especially appropriate where, as here, we are asked to reach out and decide broad and difficult constitutional questions. "Constitutional questions should be decided only when unavoidable, and this is particularly true when the issue is raised on appeal from an interlocutory order." *Yahr v. Resor,* 431 F.2d 690, 691 (4th Cir.1970), *cert. denied,* 401 U.S. 982, 91 S.Ct. 1192, 28 L.Ed.2d 334 (1971). *See also Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 501–03, 105 S.Ct. 2794, 2800–02, 86 L.Ed.2d 394 (1985).

If we were to consider Jenkins' facial challenges to RICO at this stage in the proceedings, we would have to do so without the benefit of a complete record, specialized findings of fact, and the reasoned judgment of the district court. These are important in any constitutional case, but are especially so in First Amendment cases concerning allegedly obscene materials, where the extent of the Constitution's protection may vary depending on the circumstances. Finally, and of particular significance, we note that the United States Supreme Court recently has granted certiorari in *Alexander v. Thornburgh,* 943 F.2d 825 (8th Cir.1991), *cert. granted,* ––– U.S. ––––, 112 S.Ct. 3024, 120 L.Ed.2d 895 (1992), a case raising similar concerns about the constitutionality of RICO's forfeiture and restraining order provisions as applied to those dealing in allegedly obscene materials. Wisdom dictates that we await the Supreme Court's teaching.

Insofar as Jenkins' appeal is limited to the validity of the restraining order, she urges the following four grounds for reversal: (1) the order is an impermissible prior restraint of protected First Amendment activity; (2) by directing the seizure of funds and the delivery of money to United States Marshals, the order indirectly restrains her in the exercise of protected First Amendment rights; (3) the issuance of the *ex parte* restraining order denied her procedural due process; and (4) the order is overbroad because it affects unindicted third parties.

It is, of course, well-settled that the government may not seize presumptively protected expressive materials without a prior judicial determination of obscenity. *Fort Wayne Books, Inc. v. Indiana,* 489 U.S. 46, 63, 109 S.Ct. 916, 927, 103 L.Ed.2d 34 (1989); *Universal Amusement Co. v. Vance,* 587 F.2d 159, 169 (5th Cir.1978) (en banc), *aff'd,* 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980). However, the restraining order did not effect such a seizure. *See United States v. Alexander,* 736 F.Supp. 968, 973 (D.Minn.1990). Indeed, the order explicitly provides that "the above mentioned businesses and commercial establishments are not restrained or prohibited from operating any lawful businesses in a normal business manner," and that "[n]othing in this Order shall be construed to restrain the dissemination of visual or printed matter." As the Government conceded at oral argument, this restraining order does not interfere with the sale even of obscene materials.

Admittedly, the restraining order at issue here could have been drafted more clearly. The Government describes as "surplus" the order's "obey the law" admonition that the named defendants and corporations "abstain from using the ... properties and enterprises in any way to violate any state, federal or local laws." If surplusage, the clause would have been better omitted. On balance, however, it is outweighed by the other portions of the order, which permit Jenkins to continue to conduct business and disseminate presumptively protected materials.

Contrary to Jenkins' claim, the order is not invalid because it directs the seizure of certain funds and the payment of certain other moneys received to United States Marshals. Although restraints on the use of funds might under some circumstances improperly impede a defendant's ability to exercise First Amendment rights, there is nothing to indicate that this has occurred in the instant case. As the district court found, "the defendant has continued conducting business. There is no evidence that the businesses have not been able to pay their bills as a result of this order, or to otherwise conduct the businesses' day-to-day operations."

Jenkins' procedural due process arguments likewise are without merit. It cannot be gainsaid

that a post-indictment petition for a restraining order stands on a stronger footing than a pre-indictment petition. *Compare* 18 U.S.C. § 1963(d)(1)(A) *with* § 1963(d)(1)(B) *and* –(d)(2); *see United States v. Musson,* 802 F.2d 384, 386–87 (10th Cir.1986); *United States v. Pryba,* 674 F.Supp. 1504, 1508 (E.D.Va.1987). In applying *ex parte* for the order at issue herein, the Government asserted that it might suffer irreparable harm if the order was not entered because the defendants or their agent might "sell, alienate, encumber, transfer or otherwise place the above-described property beyond forfeitable condition and thereby frustrate the ends of public justice." In signing the proposed order, the district court said it was doing so "to assure that the defendants, and their agents, servants, employees, attorneys and those in active concert or participation with them, do not place certain property beyond the jurisdiction of this Court or otherwise detrimentally affect the Government's interest in such property, thereby frustrating the ends of justice and causing irreparable harm to the United States, by defeating the jurisdiction of this Court over such property."

In the district court's order which followed a hearing on Jenkins' motion to quash, the district court reiterated its previously stated reasoning that "the [seizure] order seeks to assure that if the government prevails on its claim(s) under RICO, the property affected by the forfeiture provisions of RICO is not beyond the jurisdiction of this Court." The district court also held that the 10–day limitation on *ex parte* restraining orders contained in Fed.R.Civ.P. 65(b) was mooted by the hearing which the district court held or alternatively that the time limitation was waived by the delay in seeking a hearing on the motion. The procedure followed by the district court satisfied the due process requirements summarized by this court in *United States v. Thier, supra,* 801 F.2d at 1466–69.

Finally, we are not persuaded by Jenkins' argument that the restraining order, by binding unindicted corporations, is impermissibly overbroad. Nothing in the language of RICO's restraining order provision restricts the scope of such orders so that only parties may be bound; to the contrary, RICO permits the court to "take any other action" deemed necessary "to preserve the availability of

property" subject to forfeiture. 18 U.S.C. § 1963(d)(1). Indeed, equity traditionally has permitted third parties to be bound in circumstances such as those alleged here. As the Supreme Court noted in examining Fed.R.Civ.P. 65(d):

> [A] decree of injunction not only binds the parties defendant but also those identified with them in interest, in "privity" with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding.

*Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 14, 65 S.Ct. 478, 481, 89 L.Ed. 661 (1945).

The Government, when seeking a restraining order under § 1963(d)(1), need only "articulate a cogent thesis or theory of its entitlement" to potentially forfeitable property. *United States v. Regan,* 699 F.Supp. 36, 38 (S.D.N.Y.1988). This it has done. These corporations, it is alleged, are not innocent, unrelated third parties, but rather are an integral part of the criminal enterprise and under Jenkins' total and exclusive control. The district court did not err in finding that it was necessary to bind the sixteen unindicted corporations in order to preserve assets subject to forfeiture.

AFFIRMED.